DOWLING v. PEYROUX

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)

George Piazza, of New Orleans, · attorney for plaintiff, appellee.

J. C. McGee, of New Orleans, attorney for defendants, appellants.

WESTERFIELD, J. This is a suit by a lawyer for a fee. He claimed $300 in his petition and was awarded $200 by a judgment of the lower court, from which judgment the defendants prosecute this appeal.

Mr. and Mrs. Peyroux, defendants herein, reside at No. 1728 Cadiz street in the city of New Orleans. Mrs. Peyroux, who before her marriage was a music teacher, with the assistance and co-operation of her husband, organized some school children in her neighborhood into two orchestras, which she called "The King's Own" and "The Kiddies"; "The Kiddies" being composed of the younger children. Mrs. Peyroux was in the habit of instructing the children at her residence three times a week, when various musical instruments were played and practiced on by the different members of the band. A neighbor of Mrs. Peyroux by the name of Smith objected upon the ground that the musical efforts of the children amounted to a disturbance of the peace and caused Mrs. Peyroux to be charged with that offense before the recorder. Mr. Dowling, the plaintiff in this case, signed Mrs. Peyroux's bond and represented her before the recorder, with the result that the charge was dismissed. Thereafter Mr. Smith, being still unreconciled to the situation, employed counsel and instituted injunction proceedings against Mr. and Mrs. Peyroux in the civil district court, based upon the allegation that the bands, particularly "The Kiddies," were a nuisance. Mr. Dowling again appeared for defendants and, after a hearing in the district court, during which, we are informed, "The Kiddies" Band appeared in the courtroom and performed before the learned judge of division E of that court, the injunction applied for was denied. At this point in the litigation Mr. Dowling rendered a bill for $300. No attention was paid to his bill, and at intervals of 30 days several other bills were sent, all of which were ignored by defendants, whereupon Mr. Dowling withdrew from the case and filed this suit for his fee. In the meantime the case was appealed to the Supreme Court.

The claim of plaintiff is resisted upon the ground that he had agreed that his services would be gratuitous. Mrs. Peyroux explains that the two orchestras were organized by· her as a gratuitous contribution to the civic welfare of the community and that Mr. Dowling was impressed with the value of her undertaking, and, in the same spirit of civic pride, contributed his professional services. In addition it is contended that the opportunity which this employment presented for favor-

able publicity, and the extension of Mr. Dowling's acquaintance to include the fathers and mothers of the children who played in the bands, was the moving cause of Mr. Dowling's otherwise apparently generous conduct. The further defense is made that the abandonment of the case by Mr. Dowling during the pendency of the appeal in the Supreme Court barred his recovery, citing Brown vs. Green, 132 La. 1090, 62 So. 154, and several other authorities.

As to the alleged agreement of Mr. Dowling to act without compensation, we, like the judge of the trial court, are of opinion that it is not sustained by the evidence. One who employs an attorney at law is presumed to contemplate the payment of a fee. Whether Mr. Dowling was influenced by the considerations mentioned by Mrs. Peyroux in her testimony, and pressed upon us in argument, to the effect that he was aiding an enterprise of great civic interest and making valuable acquaintances, is immaterial. His undertaking to do the work without pay has not been established.

As to the second point raised by the defendant, the alleged abandonment of a case during the pendency of an appeal, it does not appear that his withdrawal from the litigation caused the defendants any embarrassment whatever. On the contrary, Mrs. Peyroux testified that a number of lawyers were anxious to represent her. We know of no reason, in the absence of a written agreement, which would prevent an attorney retiring from a case he had undertaken, or, for that matter, prevent his client from terminating his services; and, in the case of an attorney who retires without injury to his client's cause, after making several unsuccessful efforts to collect a fee, there is no reason why he should not be compensated upon the basis of a quantum meruit for the services which he

has rendered. The authorities cited are not in point.

The allowance of $200 by the trial court has been acquiesced in by plaintiff, who has filed no answer to the appeal. We cannot see that it is excessive, in view of the services rendered by plaintiff.

For the reasons assigned the judgment appealed from is affirmed.

HIGGINS, J., took no part.