## SCHIRO v. MACALUSO

———

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Michel Provosty, of New Orleans, attorney for plaintiff, appellee.

Geo. J. Untereiner, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sues defendant for the return of $600 cash, which he alleges that he deposited with defendant, an attorney at law, on April 12, 1927, for the purpose of compromising an internal revenue claim which the United States government asserted against him. The petition alleges that, after making the deposit with the defendant, plaintiff, through a friend, tentatively compromised the claim with the government for the sum of $125 on April 16, 1927; that the compromise was finally approved by the Treasury Department at Washington, D. C., on October 28, 1927; and that, upon requesting the return of the $600, defendant refused to do so, notwithstanding amicable demand.

Defendant denied liability, alleging that he is a duly licensed and practicing attorney of the state of Louisiana, and averring that the $600 was not deposited with him for the purpose of being paid to the government in compromising or settling the internal revenue tax claim, but was paid to him as a fee for "services to be rendered" in behalf of the plaintiff in reference to the claim of the government for internal revenue tax against the plaintiff; that the employment was in writing, as evidenced by a letter dated April 12, 1927; that it was agreed and understood that plaintiff was to pay the defendant $600 in advance for his services; and that a few days after the employment the plaintiff called upon defendant and requested that he refrain from doing anything in the matter until he would hear further from him; and that, as plaintiff prevented defendant from performing his services, plaintiff had earned the fee of $600.

There was judgment in favor of plaintiff for the amount prayed for, and defendant has appealed.

The record shows that the sum of $600 was paid to the defendant as a fee for services as attorney at law to represent the plaintiff, and not a deposit to be paid

in compromise of the internal revenue claim. The contract of employment is as follows:

"New Orleans, April 12th, 1927.
"Mr. Charles V. Macaluso, City.
"Dear Sir:—
"I have this day handed you a check for the sum of Six Hundred ($600.00) Dollars, drawn by the Italian Homestead Ass'n, to my order, which check is given to you in payment for services to be rendered by you in the matter of the claim of United States Government vs. myself for tax.
"(Signed) George Schiro."

Defendant admits that three or four days after the employment plaintiff requested him not to do anything in the matter, as he expected to compromise the matter himself, or through a friend; that thereafter he did not do anything and refused to return the money, notwithstanding repeated amicable demand.

Plaintiff testifies that, after effecting the tentative compromise on April 16, 1927, he requested the return of his money, as he did not need defendant's services any further in the matter, but defendant refused to return the money.

Plaintiff contends that a contract for services of a member of the legal profession is a mandate which may be revoked at any time by the client, and that the attorney's only remedy is a claim on a quantum meruit for the services actually rendered.

Defendant contends that a contract whereby one employs another for a single enterprise at a fixed compensation conforms to the requirements of articles 2669 and 2746 of the Revised Civil Code, and constitutes a valid and enforceable contract of letting and hiring; that the contract is considered performed when the obligee stops the obligor from performing his obligation under the contract; and that, when the obligee prevents the obligor from performing his obligations under the contract, the obligor is entitled to the full compensation stipulated in the contract.

We are convinced that plaintiff duly notified defendant that his services were no longer required when the compromise agreement was effected on April 16, 1927. Defendant admits that plaintiff told him he had effected the compromise through a friend, and, the matter having been settled, there would be no necessity for defendant to render any services in behalf of plaintiff in connection with the matter.

In the case of Gurley vs. City of New Orleans, 41 La. Ann. 75, 5 So. 659, the Supreme Court said:

"A contract for the services of members of the legal profession is not a hiring of labor, but a mandate.
."A principal has the right to revoke powers of agency given by him for an indefinite period. * * * Such power to revoke, and such contingent forfeiture, are implied in such a case."

This principle of law was invoked by this court in the case of Crane vs. Sladovich, No. 7680 of the docket, unreported (See Louisiana and Southern Digest), the syllabus of which reads:

"A contract for the services of members of the legal profession is a mandate which may be revoked at any time."

In the case of Louque vs. Dejan, 8 Orleans App. 430, the plaintiff sued the defendant for services rendered as an attorney at law upon a written agreement, whereby the defendant was to pay the plaintiff 25 per cent of any amount collected on certain warrants placed in his hands for collection. The court held that a contract with an attorney at law, for an

indefinite period and without any provisions for absolute compensation, is not a hiring of labor under Civil Code, art. 2749 (2720), but a mandate governed by article 3028 of the Revised Civil Code, and revocable at the will of the principal. This decision was affirmed by the Supreme Court in the case of Louque vs. Dejan, 129 La. 519, 56 So. 427, 428, 38 L. R. A. (N. S.) 389, in which the Supreme Court reviewed the jurisprudence on this subject, and said:

"We will not review each decision cited by the defense.

"As relates to the mandate: It is sufficient to state that tney sustain the proposition that an attorney's mandate is governed by article 3028 of the Code, and not by article 2749."

The court further said:

"Certainly, if the client had the right to dismiss the suit altogether, causing the destruction of the eventual res, he certainly had the lesser right to contract the res by employing another attorney, leaving to the first the right to recover for his services actually performed."

The court pointed out that this action for services would be on a quantum meruit.

In the case of Gosserand vs. Crespo, No. 7829 of the docket of this court, unreported (see Louisiana and Southern Digest), the plaintiff, an attorney, sued on a written contract, where he was "jointly employed to represent all and each of us in bringing about this partition, and agree that his fee shall be paid out of the mass." The attorney was dismissed without cause, and the court, following the above decisions, held (syllabus):

"A contract with an attorney-at-law for an indefinite period and without any stipulation as to compensation is not a hiring of labor under Article 2749 (2720) of the Civil Code, but is a mandate governed by Article 3028 (2997) of the Civil Code revocable at the will of the principal, on payment of the value of the services rendered up to the date of discharge."

In the case of Higgins & Middleton vs. Uchello et al., No. 8378 of the docket of this court, unreported (see Louisiana and Southern Digest), plaintiffs, as attorneys at law, sued defendants upon a verbal agreement whereby defendants agreed to pay plaintiffs a fee of $1,500 for their services to be rendered in a criminal case. After rendering valuable services in the case for one day and night, defendants, without cause, dismissed plaintiffs. The court held:

"This Court has frequently held that a contract of employment with an attorney is in the nature of a mandate, revocable at the will of the principal upon the payment of the value of the services rendered up to the date of the discharge."

The court affirmed a judgment of $500.

However, here the defendant admits he rendered no services and does not claim any fee for services rendered.

These cases are controlling in the present situation, unless it can be said that the instant case is to be distinguished on the ground that the contract specifically provided a definite amount as attorney's fees, i. e., $600. However, it is to be noted that the contract of employment is for an indefinite period. In order for the defendant to bring his case within the decision cited by him, and to take his case out of the decisions cited supra, the defendant's contract of employment must specify a definite fee to be paid for services to be rendered for a definite period of employment. In the case of Orphan Asylum vs. Mississippi Marine Insurance Co., 8 La. 181, the court said (syllabus):

"Where a corporation, by a vote of its directors, appoints an attorney at law to manage its legal business for a year, with a stated annual salary, and he accepts the office, the contract is binding on both parties for the period of one year, when there is no provision authorizing either party to retract at will."

As there was no definite period within which the services were to be rendered by the defendant in the case at bar, it cannot be said to fall within the above decision.

Counsel for defendant has also referred us to Hennen vs. Bourgeat, 12 Rob. 522. We distinguish that case from the instant case, in that the court found there:

"* * * That the apparent inactivity of the plaintiff may have been attended with close and deep study of his case; and have been the result of his opinion, that it would lead to a compromise more advantageous than, and certainly equally so, as any judgment he could obtain."

In the instant case the defendant attorney admits that he did not render any services.

We have also been referred to Unteriner vs. Ernest, 2 La. App. 163, and Rivet vs. Battistella et al., 167 La. 766, 120 So. 289, in both of which cases the plaintiff, as attorney at law, was designated by the testator in his will as the attorney at law to settle his estate. We do not think that these cases are apposite here, because such a provision in the will was equivalent to an onerous legacy, and the heirs of the deceased were powerless to revoke such a provision in the will. The Supreme Court held that such a provision in a will was not against public policy, or in violation of any law, and was binding upon the heirs.

We are of the opinion that a contract with an attorney at law for an indefinite period, where there is a stipulation for an agreed compensation or a definite amount, is not a hiring of labor under article 2749 of the Civil Code, but a mandate governed by article 3028 of the Civil Code, revocable at the will of the principal on the payment of the value of services rendered up to the date of discharge.

For the reasons assigned, the judgment appealed from is affirmed.