142 So. 251

## FOSTER, HALL, BARRET & SMITH v. HALEY.

### No. 31244.

April 25, 1932.

Rehearing Denied May 23, 1932.

Foster, Hall, Barret & Smith, of Shreveport, for appellants.

G. R. Pilcher and Fraser & Carroll, all of Many, for appellee.

BRUNOT, J.

This is a suit against the widow and sole heir of A. C. Haley, deceased. The suit is upon an alleged contract between the plaintiffs and A. C. Haley, entered into prior to Mr. Haley's death. The sums claimed are $5,500, for legal services rendered, and $75, for advances made by the plaintiffs in the preparation and filing of a suit entitled A. C. Haley v. J. E. Browne et al., on the docket of the Eleventh judicial district court, and, in the alternative, for judgment against the defendant for $5,575 upon a quantum meruit. Defendant first filed an exception of vagueness. Plaintiffs amended the petition. An exception of vagueness was filed to the supplemental and amended petition. Plaintiffs further amended their petition, and defendant excepted to the petition and the amendments thereof as not disclosing a right or cause of action. The exceptions of no right or cause of action were submitted on briefs, and were sustained, and the suit was dismissed at the plaintiffs' cost. The appeal is from that judgment.

The petition alleges that, pending the prosecution of the suit entitled A. C. Haley v. J. E. Browne et al., A. C. Haley died intestate, and the defendant, his sole heir, accepted his estate purely, simply, and unconditionally, and was recognized as the owner and sent into full possession thereof. It is further alleged that thereafter the defendant refused to permit herself to be made a party to the said Haley-Browne suit, and in that suit the plaintiffs had incurred expenses amounting to $75, itemized as $24 advanced court cost

and $51 for securing a patent to a portion of the land involved in the suit.

The plaintiffs' alternative plea for judgment upon a quantum meruit is first set up in their supplemental and amended petitions.

Plaintiffs contend that complete performance of their services under the contract was prevented by the defendant, and therefore they are entitled to recover the full amount claimed, either upon the contract or a quantum meruit. In support of this contention, they cite C. J. vol. 6, "Attorney and Client," § 292. They contend that an exception of no cause of action should not be sustained when a judgment for any sum may be legally rendered in the case, and, on this point, they cite Davis v. Arkansas Southern Railway Co., 117 La. 321, 41 So. 587. On their alternative plea, they rely on Dowling v. Peyroux, 12 La. App. 551, 126 So. 270; and Taylor v. City of New Orleans, 41 La. Ann. 891, 6 So. 723. The plaintiffs in their second supplemental and amended petition say:

"Petitioners show that they had no agreement with A. C. Haley for any fixed sum or amount for the services rendered by them in the suit of A. C. Haley vs. J. E. Browne, et al., 10,548 on the docket of this Court, except the stipulation contained in Articles XIV and XXIV made over the affidavit of A. C. Haley in the petition filed in said proceedings."

Articles 14 and 24 of the petition filed in the Haley-Browne suit specify the attorney's fee as an item of damage claimed in the plaintiffs' alternative demand in that suit, and they fix the amount of damage for attorney's fees and other legal expenses incident to the clearing of the plaintiff's titles, etc., at $5,500. The articles cited admit of but one reasonable interpretation, viz.: The total expense in prosecuting the suit to final judgment. A contract for the legal services of an attorney is a mandate, and, except as to the irrevocable powers of attorney, as prescribed in Civ. Code, art. 3027, they are revocable at the will of the principal. Civ. Code, art. 3028; Gurley v. City of New Orleans, 41 La. Ann. 75, 5 So. 659; Louque v. Dajan, 129 La. 519, 56 So. 427, 38 L. R. A. (N. S.) 389; Schiro v. Macaluso, 13 La. App. 88, 126 So. 244; Succession of LeBlanc, 2 La. App. 364.

In the last-cited case, quoting from the syllabus, the Court of Appeal correctly say:

"A contract for the services of members of the legal profession is not a hiring of labor, but a mandate which may be revoked at any time, compensation being due only for services already performed, when revocation takes place unless otherwise expressly agreed."

One who elects to sue upon a contract for a specific sum, and alleges in a supplemental and amended petition that he has no contract for a specific sum, cannot recover, in that proceeding, on a quantum meruit. In the case of Provost v. Carlin, 28 La. Ann. 595, the court said:

"The evidence fails to show a contract; plaintiff and defendant never came to an agreement as to the amount the former was to receive for his services. As plaintiff elected to sue on a contract he cannot recover on a quantum meruit. As he served defendant, * * * his right to demand the value of his services should be reserved to him."

The Provost Case is decisive of this case, for plaintiffs elected to sue upon a contract but allege that there was no agreement as

to the amount they were to receive under the contract for their services. They performed some service and advanced some money for their client, and their right to recover for the services performed and the money thus advanced should be reserved to them.

For the reasons stated, the judgment appealed from is affirmed at appellants' cost, but appellants' right to sue the defendant upon a quantum meruit for the services they performed and the money they advanced is reserved to them.

ROGERS, J., concurs in decree.