168 So. 304

Succession of MARIANA.

No. 33762.

March 30, 1936.

Rehearing Denied April 27, 1936.

Sidney F. Gautier, of New Orleans, for appellants Mrs. Jacob Heckler and Paul Mariana.

Richard A. Dowling, of New Orleans, for appellee.

BRUNOT, Justice.

Mrs. Frances A. Mariana, the wife of John Colas, died intestate on May 17, 1933. She left no ascendants or descendants, but was survived by her husband and two collateral heirs, a brother and sister, Paul Mariana, and Kate Mariana, the wife of Jacob Heckler. The decedent held, in her name, at the time of her death, certain real and personal property, consisting of

homestead shares, U. S. Postal Savings, savings bank accounts, real estate and improvements thereon.

Mrs. Jacob Heckler opened the decedent's succession and caused an inventory of the property enumerated supra to be taken. The inventoried value of said property totals the sum of $5,665.43. John Colas, the surviving husband of the deceased, filed a petition in this proceeding in which he alleged that he married the deceased in 1915, that neither himself nor his wife had any separate property at that time, or at the time of his wife's death; that all of the property enumerated in the inventory, although standing in his wife's name, belonged to the community of acquets and gains existing between them and he, therefore, owns one-half of said property, in his own right; and that he inherited the other half thereof from his deceased wife. He further alleged that the estate owed debts and that an administration thereof was necessary. He prayed to be recognized as the surviving spouse in community and the legal heir of his deceased wife, and, as such, the sole owner of said community property and entitled to the administration of the decedent's succession.

Mrs. Kate Heckler, for herself, and on behalf of her brother, Paul Mariana, filed an answer to the petition. It is alleged, in the opponents' answer, that opponents are the sole legal heirs of the decedent; that decedent left no community property; that all of the property inventoried in the succession belonged exclusively to the separate estate of the decedent, and that it was under her separate administration and control at the time of her death; and that it was acquired by her, partly, by cash donations and manual gifts from her father and mother, and by inheritance from them.

The issues thus presented were tried and judgment was rendered thereon in favor of John Colas, recognizing him as surviving spouse of the deceased; decreeing the property inventoried in the succession to belong to the community of acquets and gains existing between him and his deceased wife; decreeing that the community owes no accounting to the collateral heirs; rejecting the opposition of the collateral heirs; recognizing John Colas to be the sole owner of the property, in the proportion of one-half thereof in his own right, and owner of the remaining half by inheritance from his deceased wife; and decreeing him to be entitled to administer the succession upon his being sworn, giving bond, and otherwise qualifying according to law.

The opponents appealed from the judgment.

The transcript, pages 19 to 24, contain thirty-eight interrogatories on facts and articles, which were propounded, by the opponents, to John Colas, the petitioner. The petitioner answered said interrogatories, separately and fully, and his answers appear in the transcript on pages 31, 32, 33, and 34 thereof. The opponents' interrogatories were filed September 26, 1933, and they were answered October 27, 1933. No further action was taken in the

case until June 11, 1934, on which date John Colas was recalled for further cross-examination. The second question propounded to the witness was objected to. After the ground of objection was stated, the court said:

"I am afraid that is correct law, Mr. Gautier.

"I think, if you can show the $1154.00 was her separate property and remains and is there now, it would be all right, I think, if you can show that the property is separate property first, then I will let you go into anything you want. But you cannot go into the community property or attempt to force him to give you an accounting of the community in the hope of establishing that it is the separate property of the wife. My understanding of the law is that a husband is not compelled to account for the community—that is, to collateral heirs, under Article 915 of the Civil Code."

Following the quoted statement, the judge took the matter under advisement, and, after requesting both counsel to file authorities in support of their respective views, continued the case as an open case until November 4, 1935. Nothing seems to have been done by any one connected with the case during the interim between June 11, 1934, and November 4, 1935. On the last-named date, the minute entry shows that the opponents tendered, as their witness, Jacob Heckler, the husband of the decedent's sister. They did not question said witness, but they offered to prove by him, and by themselves, a long list of alleged facts extending over the period of the married life of petitioner and his deceased wife. We think it advisable to quote from the record the objection, admission of counsel, ruling, and reservation of a bill thereto in their proper sequence, viz.:

"By Mr. Dowling: To which offer counsel for John Colas objects, on the ground that all property inventoried in this succession in the name of Mrs. Frances Mariana, Wife of John Colas, is presumed, under article 2405 of the Revised Civil Code, to be community property; and under article 915 of the Revised Civil Code, there being no ascendants nor descendants, and the wife having died intestate, all of the property goes to the surviving spouse, John Colas.

"And we further object for the reason that collateral heirs, such as the sister and brother in this case, are without right, under the law, to ask for an accounting from a surviving spouse as to the property which is presumed to be community property.

"It is admitted that the marriage began in 1915 and ended in 1933, with the death of the wife, and that all the property in dispute in this case was acquired during the existence of the marriage.

"The Court: The court believes that the objection is good. It is the understanding of the court, as to the law, that a collateral heir cannot introduce parol evidence to destroy the presumption of community property, if, in order to rebut the said presumption, it will be necessary that the husband should give an accounting of

his gestation of the community; therefore, in this case, the court believing that it would be necessary for the husband to give an accounting of the community, that it is the duty of the court to maintain the objection.

"Mr. Gautier: To which ruling of the court counsel for defendants, Mrs. Jacob Heckler and Paul Mariana, excepts and reserves this note in lieu of a formal bill of exceptions; and makes part of the exception the entire record in this cause, particularly the documentary evidence and exhibits offered at the last trial."

The answers of John Colas to the interrogatories on facts and articles disprove the contention of opponents that the property listed on the inventory filed in the succession was the separate property of his deceased wife, and these answers are the only testimony in the record. We have read the six typewritten pages of the proffered testimony mentioned, supra, and we find that, while forced heirs would have been permitted to introduce that testimony, and while it would have been presumptive proof in support of such forced heirs' contentions, it is not admissible when offered by collateral heirs, especially when the testimony of the surviving spouse is positive, and is supported by the legal presumption that all of the property inventoried in the succession belongs to the community.

For the foregoing reasons, we find that the judgment appealed from is correct, and it is, therefore, affirmed at appellants' cost.

O'NIELL, C. J., absent.