### THALHEIM v. CITY OF GRETNA.

No. 16559.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

Andrew H. Thalheim, of Gretna, in pro. per.

John E. Fleury, of Gretna, for appellee.

WESTERFIELD, Judge.

Andrew H. Thalheim, an attorney at law, brings this suit against the City of Gretna for $1,387.21, an amount which he claims is due him as attorney's fees.

There was judgment below dismissing plaintiff's claim, and he has appealed.

Thalheim was city attorney for the City of Gretna in 1924, having succeeded Louis H. Gosserand, who, on March 3, 1931, succeeded him. This controversy over fees is due to the unusual succession in the office of the city attorney. The amount claimed is made up of two items, one of $766.97 and another of $620.24.

■ As to the first item, the City of Gretna in the year 1923, through Louis H. Gosserand, who was then its city attorney, brought a number of suits against the parish of Jefferson, claiming in the aggregate $6,130.37. It was agreed that the city attorney should receive in addition to his regular compensation of $50 per month, a fee of 10 per cent. upon the amount of principal and interest recovered. The City of Gretna obtained a judgment for the full amount claimed which, with interest, amounted to $7,669.70. Before the judgment could be collected Gosserand was succeeded by Thalheim, who collected the amount due under the judgment. Thereafter, Gosserand, who was unable to collect his fee, brought suit against the City of Gretna to enforce collection. He was successful in the lower court, and on appeal to this court the judgment was affirmed. Gosserand v. City of Gretna, 9 La.App. 554, 121 So. 208. Thalheim asserts that though the amount he claims here, $766.97, is exactly the same as that which we held to be due Gosserand by the City of Gretna, his claim is not based upon the same cause of action—not the same fee that Gosserand was awarded, but for services rendered in the defense of the same suit and in connection with the collection of the judgment upon a quantum meruit. It is sufficient to say that the record does not disclose any basis for the charge, in that there is no evidence of any special agreement between Thalheim and the City of Gretna permitting or authorizing him to charge an additional fee for services rendered. An attorney who is engaged as counsel for a municipality upon a stipulated salary is presumed to act for the municipality in all matters committed to his charge without extra compensation, and unless some special agreement to the contrary has been entered into he can make no additional charge for his services. Plaintiff's claim on the first item must be disallowed.

■ As to the second item, $620.24, in January, 1931, the plaintiff being at that time its city attorney, the City of Gretna adopted an ordinance providing for the paving of Lafayette avenue and stipulated in the ordinance that a fee of 1½ per cent. of the total cost of the work should be paid to Andrew H. Thalheim by the abutting property owners. On September 18, 1931, the City of Gretna by Ordinances No. 497 and No. 498, substituted Louis H. Gosserand who, in the meantime, had succeeded Andrew H. Thalheim as city attorney, and stipulated that he should

receive the fee of 1½ per cent. of the entire cost of the work. In regard to the later ordinances, counsel contends that they were improperly adopted in so far as relates to the change in attorney is concerned because the City Charter, Act No. 3 of 1929, Ex.Sess., was not complied with, in that abutting property owners were not advised in the call for the meeting of the purpose of the council to consider a change in its legal counsel. It appears, however, that in the mayor's call the purpose is stated as "to provide for the collection of assessments for improvements on Lafayette and Second Street." We are of the opinion that the charter, which reads in part, "no business except as is specified in the call for the special meeting shall be transacted at such meeting," was sufficiently complied with in this instance because a part of the assessments, the collection of which was to be considered, as announced in the call, was the attorney's fee, and a change in the individual attorney was cognate to the general subject under consideration. Our conclusion on this point is that the substitution of Gosserand for Thalheim which occurred on September 18, 1931, was legally effected.

An attorney acts for his client under a mandate which may be terminated at the will of the mandator. Schiro v. Macaluso, 13 La.App. 88; 126 So. 244; Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251.

Counsel for the City of Gretna points to the fact that the ordinance in which the attorney's fee of 1½ per cent. is fixed in favor of the city attorney provides that it should be paid by the abutting property owners and argues that there is nowhere in the ordinance or elsewhere any agreement which obligates the City to pay the fee. However, in the present case it is conceded that the fee in connection with this paving was collected by the City of Gretna and that it amounted to the sum claimed, $620.24.

It will be noted that from January, 1931, until September 18, 1931, Thalheim, acting under agreement with the City of Gretna as expressed in the ordinance, represented it in the preparation of legal documents and otherwise as the occasion required in connection with this paving project, for which he had been specially employed at an agreed fee of 1½ per cent. of the total cost. It appears to us that he should be compensated for his services pro tanto.

While, generally speaking, a client may discharge an attorney at any time notwithstanding a contract of employment, he may not do so without incurring the obligation to compensate him for the work which he has done up to the time of his discharge. We are, therefore, of the opinion with reference to this item that some part of it is due plaintiff. He should be paid for the services he rendered from the time he was employed until the time of his discharge. Since there is no evidence in the record which would enable us to determine the proportionate amount of the total fee which had been earned up to that time, we have concluded to remand the case for the purpose of having further testimony introduced in this regard.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this case be remanded to the Twenty-Fourth judicial district court for the parish of Jefferson for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.