## Succession of MARIANA.
### No. 16701.

Court of Appeal of Louisiana. Orleans.
Dec. 13, 1937.

Maurice B. Gatlin, of New Orleans, for appellant.

Sidney G. Roos, of New Orleans, for appellee.

JANVIER, Judge.

John Colas, administrator of this estate, filed an account in which he failed to recognize a claim of Sidney F. Gautier, an attorney, in the sum of $71.35, and another of Sidney G. Roos, also an attorney, who made claim for $326.70. Both Gautier and Roos opposed the account, and judgment was rendered on the oppositions recognizing Gautier as a creditor in the sum of $71 and Roos as a creditor in the sum of $326.70. Colas has appealed.

The record shows that Gautier, as attorney at law, initiated the succession proceedings and that he expended in court costs a sum in excess of $21. His claim for services, fixed by him at $50, appears to be reasonable, and the evidence shows that the court costs expended exceeded $21. The allowance of his claim was correct and, in fact, is not seriously disputed.

The principal controversy is based on the contention that Mr. Roos, who had been employed by Colas to represent his interests, was discharged, and therefore did not earn the fee stipulated for in the contract of employment, which reads as follows:

"September 18, 1933.

"Sidney G. Roos,
"Attorney-at-Law,
"New Orleans, La.

"Dear Sir:

"I hereby employ you to represent me in the Succession of my deceased wife, Mrs. Francis Mariano (or Mariana), which is now opened in the Civil District Court of this Parish.

"You are employed on the following terms:

"If my wife's heirs are unsuccessful in litigation and get nothing, your fee is to be $300.00; if a compromise is entered into acceptable to me (and I now believe $500.00 is the only compromise acceptable because of my need for money which is pressing), then your fee is to be $200.00; if in litigation or by way of compromise my wife's heirs obtain more than $1,000.00, you are in that and in any event to obtain $100.00 for your services. I agree to pay the costs of court of the litigation.

"Very truly yours,
"Sept. 18, 1933.    [Signed]   John Colas
"I accept the above employment.
                    "[Signed]   Sidney Roos."

Mr. Roos contends that he was discharged without cause and that, by the said discharge, the contract of employment was breached, and that as a result he became entitled to the fee of $300, and he also maintains that, in any event, he has earned the entire fee contracted for, because of the fact that he was responsible for the successful outcome of the litigation in which the said Colas was interested.

We first consider the charge of Mr. Roos that the contract was breached and that, as a result, Colas made himself liable for the full amount of the fee contracted for.

This contention cannot be sustained because it is now well settled "that a contract for services of a member of the legal profession is a mandate which may be revoked at any time by the client," and that, when it is so revoked, "the attorney's only remedy is a claim on a quantum meruit for the services actually rendered." Schiro v. Macaluso, 13 La. App. 88, 126 So. 244, 245.

In Thalheim v. City of Gretna, 171 So. 591, 593, we said: "An attorney acts for his client under a mandate which may be terminated at the will of the mandator. Schiro v. Macaluso, 13 La.App. 88, 126 So. 244; Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251."

But, when we consider the record in an effort to determine what should be awarded Mr. Roos on a quantum meruit basis for services rendered, we find that he had rendered practically all of the legal services contracted for, and that, as a result of his advice, the outcome of the litigation was favorable to the contention of Mr. Colas as administrator of the estate. The result of that litigation is reported in Succession of Mariana, 184 La. 1075, 168 So. 304. When Mr. Roos was dismissed as attorney, he did everything within his power to acquaint his successor

466

with the legal situation involved and also gave to his successor information and advice resulting from the legal study which he had made and from which resulted the successful outcome of that litigation. It is true that his successor required Mr. Colas to pay him, also, a fee of $300, but that is a matter which does not concern us, since we believe that, from the facts which appear in the record, Mr. Roos rendered services well worth the said sum. The record shows also that he expended court costs as alleged. It follows that the judgment appealed from is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.