McBRIDE, Judge.
This appeal involves an opposition on the part of Lucas F. Bruno, Jr., a practicing attorney at law, to the provisional account filed by the judicial liquidator of the above-captioned corporation, in which opponent set up a claim on his own behalf for $1,150. He seeks to have the provisional account amended so as to include him thereon as an ordinary creditor of the corporation to the above amount.
Bruno had been employed as attorney to draw up the articles of incorporation of Mosquito Hawks, Inc. After the corporation came into being, he was employed as attorney to represent the corporation under written contract. The conditions of the contract between the parties were that Bruno would receive as a retainer the sum' of $50 per month for a period of three years; the attorney was also to receive during said three-year period certain stipulated percentages of the gross profits of the corporation and on all sales of machinery made by it. The concluding paragraph of the instrument reads thus:
“That this contract shall take effect immediately, and is to continue until January 1, 1959 and shall automatically renew thereafter on a one year basis until terminated in writing by one of the parties hereto. This contract can *817 not be terminated without cause at anytime prior to its termination date except by mutual consent.”
The contract was entered into on “April , 1956,” and these liquidation proceedings were commenced on January 30, 1957. Bruno was paid on the contract as his retainer an aggregate sum of $650; however, after the liquidation proceedings he received nothing from the liquidator, who refuses to acknowledge the attorney’s claim for the $1,150 for the unexpired term of the contract which forms the basis of the opposition. Opponent does not pretend that there is any money due him arising out of gross profits or for the sale of machinery.
The matter was duly tried in the lower court, and the judge was of the opinion that the contract was but a mandate which was revokable at the will of the mandator, the corporation, and that opponent was entitled to nothing thereunder. However, opponent was recognized as an ordinary creditor in the sum of $250 on a quantum meruit basis in representation of services rendered in organizing the corporation, but otherwise the opposition was discharged. Bruno has appealed.
Appellant takes the position that his contract with the corporation amounted to a hiring of labor, and that under LSA-C.C. art. 2749 he could not be sent away without any serious ground of complaint and that the corporation was bound to pay him the whole of the retainer fees he would have earned during the three-year period except for the liquidation proceedings. On the other hand, the liquidator advances the contention that the contract was tantamount only to a mandate, which the corporation had the right to dissolve upon the institution of the liquidation proceedings, and that opponent has been paid all he was entitled to receive up until that time.
The attorney for the liquidator argues strenuously that opponent’s contract of employment was for an indefinite amount and was also for an undetermined or indefinite period of time. He points to the stipulations of the contract which provide that the attorney should be paid a percentage of the gross profits and also a percentage on the sale of machinery during the three-year period. He also points up that the contract was to be “automatically” renewed on a one-year basis until such time as sueh arrangement was terminated in writing by one of the parties thereto.
These provisions alluded to by counsel do not have the effect of making the contract one for an indefinite period or for an indefinite amount. It is true that the amount due opponent on the profits and sales of machinery could not be computed in futuro, but opponent is not claiming there is due him anything therefor. What he is claiming is the minimum fixed retainer fee under the contract, that is, $50 per month for the remainder of the time the contract had to run, and the stipulation for the percentage payments does not absolve the liquidator from the obligation the corporation assumed to pay opponent such minimum fee. The provisions for the automatic renewal of the contract on a year-to-year basis certainly do not affect the primary term, which was for a definite period or until January 1, 1959. The contract specifically states the parties could not terminate it without just cause at any time prior to such date except by mutual consent. It is proper to hold that opponent can treat the contract as having been effective for the primary period thereof.
Although the point is not raised before us, it is necessary to consider whether the liquidation proceedings worked a termination of the contract between the attorney and the corporation. We have given thought, to the matter and have made a research of the jurisprudence for any precedent that might be controlling, and have found that the Supreme Court has held squarely that the liquidation of a corporation cannot jeopardize the rights of creditors under a personal contract which, despite the liquidation, survive the dissolution of the corpora *818 tion. In Schleider v. Dielman, 44 La.Ann. 462, 10 So. 934, 937, the Court said:
“In respect to the immediate effects of the liquidation of the corporation on the plaintiff’s contract rights, there can be but little difficulty, as it cannot be doubted that the liquidation of a corporation has the immediate effect of terminating all of its purely personal obligations, and of relegating the beneficiaries thereunder to an action in damages in keeping with its covenants. A corporation is quite as much bound as a natural person to the performance of its contracts. The law, in authorizing the creation of corporations, provides at the same time, for their forced as well as for their voluntary dissolution. The law authorizes the stockholders of a business corporation such as the Louisiana Brewing Company was to dissolve at will, upon a vote of three fourths of its stockholders. Rev.Stats., § 687 [LSA-R.S. 12:53, 12:54], The privilege is incorporated in the company’s charter, and no act of the board of directors could deprive the stockholders of such right, and the contract the corporation had made with the plaintiff could have no such effect. It has been repeatedly decided that ‘the laws of a state in this regard, enter directly into the contract, and as corporations have the power to dissolve themselves, or consent to a forfeiture of corporate franchise, all persons must be regarded as having contracted upon the hypothesis of the existence and possible exercise of this power.’ State v. New Orleans Gas Light [& Banking] Company, 2 Rob. 529; Hunter v. [Sun Mut.] Insurance Company, 26 La.Ann. 13; Palfrey v. Paulding, 7 La.Ann. 363; Trisconi v. Winship, 43 La.Ann. [45] 49, 9 So. 29; Mumma v. Potomac Company, 8 Pet. 281 [8 L.Ed. 945]; [Mobile & Ohio] Railroad Company v. State, 29 Ala. [573] 586; Taft v. [Town of] Pittsford, 28 Vt. 286; Given’s Ultra Vires, Secs. 138, 435. But it is equally true that such dissolution does not destroy the obligation of the company’s contracts; the equitable rights of creditors surviving the act of dissolution, and attaching to the assets and property of the corporation in the hands of its liquidators. Morawitz on Corporations, § 1035; Curran v. [State of] Arkansas, 15 How. 304, [14 L.Ed. 705].”
In this state the relationship of attorney and client is generally held not to be a contract of hiring but that of mandate which is revokable at the will of the client. This principle grew out of cases in which a variety of employment contracts were considered, such as where the services of the attorney were engaged either for a single transaction, or for an indefinite period, or for an unstated amount, or on a contingent basis when not coupled with an interest. Gravity Drainage Dist. No. 2 v. Edwards, 207 La. 1, 20 So.2d 405; United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174; Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251; Louque v. Dejan, 8 Orleans App. 430, affirmed 129 La. 519, 56 So. 427, 38 L.R.A.,N.S., 389; Gurley v. City of New Orleans, 41 La.Ann. 75, 5 So. 659; Succession of Mariana, La.App., 177 So. 464; Schiro v. Macaluso, 13 La.App. 88, 126 So. 244; Higgins & Middleton v. Uchello, No. 8378 our docket, Op. bk. 59 (unreported) See La. and Southern Digest. Gosserand v. Crespo, No. 7829 our docket, Op. bk. 56 (unreported) See La. and Southern Digest. Crane v. Sladovich, No. 7680 our docket, Op. bk. 56 (unreported) See La. and Southern Digest.
In D’Avricourt v. Seeger, 169 La. 620, 125 So. 735, 737, an attorney employed to effect a sale of estate property was allowed to recover the fee contracted for when he was unable to comply with the contract for professional services because his clients had sold their interest in the estate before the partition was effected. The Court cited LSA-C.C. art. 2040, which provides that the condition is considered as fulfilled when the fulfillment of it has been prevented by the party bound to perform it. The Court said: *819 “No one can be permitted to take advantage of his own wrong.”
The contract which we now consider does not fall in the same category as the contract of employment in any of the above-cited cases. Opponent’s employment by the corporation was for a definite period and for a stipulated minimum fee, and this is the difference which we believe takes the contract out of the rule established by the cases above-mentioned.
We think the contract in the instant case is very similar to the one which was involved in Orphan Asylum v. Mississippi Marine Insurance Co., 8 La. 181 (p. 483 reprint). In that case an attorney was employed by the defendant at a salary of $500 per annum. The attorney who was discharged three months later by the defendant claimed his fee for the entire year and subsequently made the Orphan Asylum his as-signee, in which capacity it instituted the suit for the amount the attorney claimed was due him. The defendant denied it was in any manner indebted unto the plaintiff except for a balance of $104 which was due the attorney for services rendered prior to his discharge. In deciding the case in plaintiff’s favor, the Court said:
“ * * * Counsellors and attorneys are admitted to the profession of law, on the supposition of learning and integrity. To place them in the precise category of menial and domestic servants, appears to us would be incongruous and unauthorized by the law. Their utility in the service of others depends on mental acquirements; they are valuable on the score of their science.
“If the employer of an artisan, or even a common laborer, when the contract is made for a specific sum to be paid for services to be rendered during a fixed period, cannot discharge the hireling unless for good cause, without being responsible for the payment of the price of the whole term of service, what sound reason can present itself to the mind of any person, why one who contracts to give the use of his mental exertions and services to another should not have a right to claim the entire benefit of a contract made for a determined period?
“Any license given to parties bound by contracts to dissolve the obligation arising from them at the will of either, forms an exception to the general rule of inviolability which should prevail in all agreements legally made between individuals. The attorney employed by the defendants in the present case does not come within any exception to the general rule; he and those under him have therefore a right to claim its benefit. See Louisiana Code, arts. 2718, 2719, and 2720.”
The above articles of the Louisiana Code referred to by the Court are now incorporated in the LSA-Revised Civil Code and designated respectively as Nos. 2747, 2748 and 2749, the last of which reads as follows :
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”
The Court in the Orphan Asylum case did not give a specific name to the attorney-client relationship, but did say that the attorney had as much of a standing in a contract of employment as a common laborer. Whereas the contract which this case presents for consideration is almost identical in legal principle with the contract of employment passed on by the Court in the Orphan Asylum case, both contracts being for a fixed time and definite amount, we are constrained to hold that even though the appointment of the liquidator had the legal effect of terminating the personal contract before us, such did not destroy the obligation, of the corporation’s contract to pay opponent the monthly fee of $50 for the minimum *820 term of the contract, i. e., three years, and that the liquidation is indebted unto him for the amount due for the remainder of said term. It is true Orphan Asylum v. Mississippi Marine Insurance Co. is a very old case, having been decided in 1835, but never having been overruled expressly or impliedly, it still stands as the law so far as this court is concerned. We are bound to follow what our mentor, the Supreme Court, holds in cases involving similar issues. We might state that the case of Orphan Asylum v. Mississippi Marine Insurance Co. was distinguished from the one being considered in Louque v. Dejan, supra; we distinguished it and made quotation therefrom in Schiro v. Macaluso, supra; the Supreme Court cited it in Angelloz v. Rivollet, 2 La.Ann. 652 and Shoemaker v. Bryan, 12 La.Ann. 697, and quoted from it in Hand v. West, 28 La.Ann. 145. Not once did the case receive unfavorable mention.
Believing that opponent is entitled to be recognized as a creditor for his retainer fee of $50 per month for the unexpired portion of the contract,
It is ordered, adjudged and decreed that the judgment in opponent’s favor be amended so as to increase the amount to the sum of $1,150, and as thus amended, and in all other respects, the judgment is affirmed at the cost of the liquidator in both courts.
Amended and affirmed.