138 So.2d 163 (1962)
Succession of Marie Aline ZATARAIN.
No. 5522.
Court of Appeal of Louisiana, First Circuit.
January 29, 1962.
Rehearing Denied March 7, 1962.
Certiorari Denied April 19, 1962.
*164 Arthur V. Flotte, New Orleans, Kennon, White & Odom by Robert F. Kennon, Baton Rouge, for appellant.
Watson, Blanche, Wilson, Posner & Thibaut, by Jules B. Lizarrago, Baton Rouge, Richard L. Voelker, Jr., New Orleans, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
The sole issue presented on this appeal is whether an attorney at law, named in a testament as attorney for testator's executrix, has the right, after the death of testator, to appoint or designate another attorney as sub-agent to represent the executrix upon his death.
The facts involved in this lawsuit are not in dispute between the partiesthe single issue herein being limited, as previously stated, to a question of law, namely, whether or not an attorney designated by a testator to handle the testator's succession may in turn name or appoint a representative or sub-agent to continue the work in the event the attorney appointed by the testator dies before the succession proceedings are concluded.
Decedent, Marie Aline Zatarain, widow by first marriage of Alfredo Blanco and of Albert Lawrence Loustalot by second marriage, departed this life in St. Tammany Parish, Louisiana, on December 14, 1960, leaving a last will and testament naming appellee herein, Anna Davey, executrix of her estate and Ernest J. Robin, Attorney, counsel for her said executrix.
Following the death of said testatrix, Mr. Robin, assisted by appellant herein, instituted proceedings to probate said decedent's last will and testament with the view of ultimately complying with the numerous bequests and other provisions contained therein. After the succession was opened, the executrix qualified, inventories taken, authority obtained for the executrix to proceed with the administration of the estate and letters of notification issued to a large number of the particular and residuary legatees named in the will, Ernest J. Robin (the attorney designated by decedent to handle her estate) died, his death occurring on February 6, 1961. In all of the aforesaid proceedings Attorney Robin was assisted by appellant, Arthur V. Flotte, Attorney-At-Law, who decedent Robin associated in these succession proceedings commencing with the filing of the initial petition and who assisted Mr. Robin in consummating all of the various stages of this matter undertaken prior to Robin's death.
Four days subsequent to Robin's demise, appellee herein, Anna Davey, the duly recognized and qualified testamentary executrix of decedent Marie Aline Zatarain, filed an ex parte order or rule (without notice to appellant Flotte) to change the attorney for decedent's estate. Opposition to said rule or order was tendered by Flotte to which appellee responded with exceptions of no right and no cause of action. The trial court sustained appellee's said exceptions, dismissed appellant's opposition to the rule or order and appointed an attorney of Mrs. Davey's choice to represent decedent's estate in all further proceedings. From the order of the trial court dismissing his said opposition, Mr. Flotte has taken this appeal.
It is the position of appellant that whereas the usual or ordinary engaging of the *165 services of an attorney-at-law is a mandate terminable at will and without cause by the principal or client, a different rule obtains in cases wherein an attorney is appointed by a testator to handle the testator's estate for the reason that in the latter type case the attorney so appointed acquires a real interest in the succession of the testator thereby characterizing such mandate as one coupled with an interest and consequently, rendering same irrevocable. In support of this contention learned counsel for appellant cite the following authorities: Schiro v. Macaluso, 13 La.App. 88, 126 So. 244; Rivet v. Battistella et al., 167 La. 766, 120 So. 289; Succession of Rembert (In re Johnson), 199 La. 743, 7 So.2d 40; Succession of Pope, 230 La. 1049, 89 So.2d 894; Succession of Toombs, 167 La. 21, 118 So. 488; Mechen on Agency, 2nd Edition, Vol. 1, Sec. 655, p. 465; 2 Am.Jur., Agency, Sec. 59.
Predicated upon the foregoing premise appellant invokes the principle that in a mandate coupled with an interest the agent possesses implied authority to appoint a representative or sub-agent to perform the work for which the agent was engaged by the principal and the death of the agent does not, per se, terminate the sub-agency. Learned counsel also argues that only the principal can question the right of his agent to delegate the authority conferred by the principal and that appellee, being merely the executrix of the principal (testator), has no right to question the power of the agent to delegate the authority reposed in the agent by the now deceased principal.
The law of this state is settled to the effect that ordinarily and as a general rule a contract for the services of a member of the legal profession is not a hiring of labor, but a mandate. Gurley v. City of New Orleans, 41 La.Ann. 75, 5 So. 659; Schiro v. Macaluso, 13 La.App. 88, 126 So. 244; Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.,N.S., 389. It is equally well settled that a mandate of this character is revocable at the will of the principal. Succession of Robinson, 188 La. 742, 178 So. 337; Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251; LSA-C.C. Art. 3028, and expires at the death of the agent, LSA-C.C. Art. 3027.
The obligation of an attorney-at-law to his client is a personal rather than heritable obligation. In this regard we note the provisions of LSA-C.C. Art. 2000, as follows:
"Art. 2000. Obligations personal to obligor
"The obligation shall be presumed to be personal on the part of the obligor, whenever, in a contract to do, he undertakes to perform any thing that requires his personal skill or attention; in this case, if that, which was to be done, was not solely and exclusively for the use or gratification of the obligee, the obligation, although personal as to the obligor, will be heritable against the heirs of the obligee for the equivalent to be paid or given for that which was to be done."
It is likewise clear that parties taking under a will are bound by the provisions of the testament designating a particular attorney to settle the testator's estate. Rivet v. Battistella, 167 La. 766, 120 So. 289.
The attorney designated in a will to handle the testator's affairs has a right to perform all legal duties incident to settlement of the estate and be paid therefor. Succession of Martin, 56 So.2d 176; Succession of Rembert, 199 La. 743, 7 So.2d 40. An attorney so appointed has an interest in having the testament of decedent probated. Succession of Pope, 230 La. 1049, 89 So.2d 894.
In view of the foregoing it cannot be seriously denied that had Mr. Robin lived he would have enjoyed the right to continue to represent decedent's estate until all of the affairs of the succession were completed.
*166 We have carefully read and examined all of the authorities cited and relied upon by able counsel for appellant and find that they are not decisive of the issue at hand. All of the cited cases deal with instances wherein the attorneys appointed in the decedent's testament were alive and ready, willing and able to discharge the duties incumbent upon them as attorney for the estate involved. We have not been cited nor has our own research disclosed any precedent factually analogous to the case at bar, that is, involving a case in which the attorney appointed in the will died prior to completion of the succession proceedings.
It is contended by appellant (apparently on behalf of Mrs. Robinwidow of the now deceased attorney, Ernest J. Robin) that the obligation assumed by Robin is heritable (evidently on the theory that while ordinarily a power of attorney is terminated on the death of the principal such result does not obtain when the power of attorney or mandate is coupled with an interest). This argument would appear to assume that if an obligation is heritable as to the obligee it must also be heritable as to the obligor but such result does not necessarily follow in view of Article 1998, LSA-C.C. which we cite in its entirety:
"Art. 1998. Personal and heritable character of obligations
"An obligation may be personal as to the obligee, and heritable as to the obligor, and it may in like manner be heritable as to the obligee, and personal as to the obligor."
We concede that Successions of Labauve, 34 La.Ann. 1187, is authority for the rule that the obligation of an attorney to his client continues even after the death of the client (principal) but such issue is not the question involved in the case presently before us.
Granting, arguendo, upon authority of Schiro v. Macaluso, 13 La.App. 88, 126 So. 244 (cited and relied upon by appellant), the interest of an attorney designated to handle a decedent's succession is similar to a testamentary donation, it does not necessarily characterize the interest as being of the nature and type sufficient to render the mandate irrevocable, thereby conferring upon the agent authority to engage subagents without the permission or consent of the principal. To constitute a mandate of the class that is coupled with an interest sufficient to make the mandate irrevocable, the interest of the agent in the subject matter of the agency must be such as to give the agent the right to deal with the res in his own name"procurator in rem suam". Renshaw v. His Creditors, 40 La.Ann. 37, 3 So. 403; Bryson v. United Gas Public Service Co., La.App., 169 So. 350; Marchand v. Gulf Refining Co. of Louisiana, 187 La. 1002, 175 So. 647. See e. g., Jacquet v. His Creditors, 38 La.Ann. 863.
The following appearing in Marchand v. Gulf Refining Co. of Louisiana, supra, seems most appropos:
"`To constitute a power coupled with an interest, a property in the thing which is the subject of the agency or power must be vested in the person to whom the agency or power is given, so that he may deal with it in his own name; such that in the event of the principal's death the authority could be exercised in the name of the agent; and hence if the interest of the agent is not such as to enable him to execute the power in his own name, it is not such an interest as precludes termination of the relation by revocation.' 2 Corpus Juris, p. 531, Verbo, `Agency,' § 155.
"This definition has been approved, in effect, in Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.(N.S.) 389, wherein this court said:
"`We are led at this point to the inquiry: What is a power coupled with an interest?
"`We find a ready answer by Chief Justice Marshall, in Hunt v. Rousmanier, *167 8 Wheat. (174), 178, 204, 5 L.Ed. 589. It is that the power delegated to collect, and the interest of ownership in the property, are vested in the same person.'"
It cannot be seriously contended that an attorney appointed to assist an administrator or executrix has the authority to deal with the assets of the succession in his own name.
We acknowledge that an attorney appointed in a testament to represent the executrix named in the same will has an interest in the estate to the extent that he is privileged to handle the legal affairs of the testator and be paid therefor but we do not concede that such interest confers upon him the right to deal with the assets of the succession in his own name. Since the attorney has no interest in the subject matter to the extent that he may deal therewith in his own name, the mandate resulting from his appointment in decedent's will as attorney to represent the executrix of the testator's estate is not one coupled with an interest in the sense that it characterizes the mandate as irrevocable or conveys upon the agent (attorney) the power of delegation of the authority conferred by the principal.
Esteemed counsel for appellant contends that appointment of an attorney in a will differs greatly from the ordinary conventional agreement between attorney and client because in instances of the character herein dealt with the obligation does not come into existence until the death of the principal. Be that as it may, the rules pertaining to mandate, nevertheless, have been applied to a clearly analogous relationship, namely, that of an executor of an estate.
The following pertinent pronouncements appear in Succession of Ames, 33 La.Ann. 1317, and were quoted with approval in Succession of Rembert, supra, to-wit:
"The appointment of an executor by a testator is a mandate, anomalous in this, that it begins when other mandates, intended to be exercised at a different time, terminate; i. e., at the death of the principal. Marcadé, vol. 3, p. 104; Art. C.N. 1025. When it is accepted, it is a contract binding on the conscience of the executor, the effect of which he is not lightly to disregard. Mourlon, vol. 2, p. 444(5); Art. 1034, C.N.; Coin Delisle, p. 487, No. 11."
In discussing the nature and aspects of the testamentary executor we find the following enlightening observation in Volume 3, Part 2, Planiol, page 376, Number 2814:
"2814. Special Characteristics.
"This posthumous agency (testamentary executorship) differs in several ways from the ordinary inter vivos agency:
"(1) It does not end with the death of the principal. Quite the opposite, it only begins then.
"(2) It can be given only in a will. This conclusion follows from the system of present statutes as well as from our tradition, in which it is always understood that the principal was a testator.
"(3) It can not be accepted by an incompetent person, as the following paragraph states in more detail.
"On the other hand this posthumous agency resembles an ordinary agency in that it ends with the death of the agent. His function can not be transferred to a third person (Art. 1032)."
We conclude, therefore, that although the mandate of an attorney named in a will to handle the testator's estate differs from the usual mandate inasmuch as it commences rather than ends with the death of the principal, it does not confer upon the agent the power to delegate his authority to a sub-agent.
Although an attorney so appointed may employ such assistance as may be reasonably necessary to properly and *168 expeditiously handle the decedent's estate he still remains directly and primarily responsible for the manner in which the legal affairs of the estate are conducted. Though he may engage such assistance as is reasonably required, he cannot clothe his relationship with such subordinates with the characteristics of a subagency capable of surviving his own death. Additionally, the right to serve as attorney for an estate under circumstances similar to those involved herein, being personal to the attorney designated in the testator's will, is not heritable and is not transmitted to his heirs upon his death. The estate of the testator is, however, obligated to the estate of the attorney for the value of all services performed by the latter prior to his death.
We find no merit in appellant's contention that Mr. Robin appointed and substituted Mr. Flotte and himself in place of himself alone and that decedent, prior to her death, was aware of Robin's relationship and association with Flotte and impliedly consented to Flotte's engagement in the handling of her affairs. While as previously shown we have no doubt that Robin was free to engage such assistance as was required in the handling of the estate, by so doing he personally became solely responsible for the fee of such associate for it is clear that an attorney cannot bind his client (or an estate he represents) in a contract made without the consent of the client or (in the case of an estate) the executor. Voorhies v. Harrison, 22 La.Ann. 85. Although there is some evidence that the decedent in this case may have known of appellant's association with Mr. Robin and also may have known that Mr. Robin engaged appellant in the handling of some of decedent's affairs while decedent was yet alive, nevertheless decedent did not change the appointment in her will to include appellant. She cannot be charged with knowledge that appellant would be associated in the handling of her affairs following her death.
Regarding an agent's power of appointment of substitutes, we note with more than passing interest the provisions of Articles 3007 and 3008, LSA-C.C., which we quote in full:
"Art. 3007. Mandatary's liability for acts of substitute
"The attorney is answerable for the person substituted by him to manage in his stead, if the procuration did not empower him to substitute."
"Art. 3008. Responsibility for character and capacity of substitute
"He is also answerable for his substitute, if, having the power to appoint one, and the person to be appointed not being named in the procuration, he has appointed for his substitute a person notoriously incapable, or of suspicious character."
Appellant can find no solace in the contention that his relationship with Robin was that of a partnership. It is settled that an association of attorneys in the practice of law as partners constitutes an ordinary partnership. Dyer v. Drew, 14 La.Ann. 657; such a partnership terminates upon the death of one of the partners. LSA-C.C. 2880. Consequently, when Mr. Robin died any partnership relation existing between him and appellant ended.
Finally, it is contended by appellant that defendant executrix ratified the substitution of Mr. Flotte as counsel for decedent's estate subsequent to the death of testatrix herein. Assuming such to be true (for purposes of disposing of defendant executrix's exception of no cause of action) such engagement of an attorney is not irrevocable. An executor or administrator, in the absence of an appointment by the decedent, may engage and discharge an attorney at will. Succession of Aiken, 144 La. 64, 80 So. 200; Succession of Mariana, La.App., 177 So. 464.
*169 From the foregoing it follows that the judgment of the trial court is correct and is hereby affirmed.
Affirmed.
PER CURIAM.
In application for rehearing learned counsel for appellants points out that in our original decree herein we held contrary to established jurisprudence, that the agency created by a testator's naming an attorney to represent his executor or heirs is revocable. In this regard we note in our initial opinion the following pronouncement:
"* * * the mandate resulting from his appointment in decedent's will as attorney to represent the executrix of the testator's estate is not one coupled with an interest in the sense that it characterizes the mandate as irrevocable or conveys upon the agent (attorney) the power of delegation of the authority conferred by the principal." (Emphasis supplied.)
Except for the foregoing we believe the views herein originally expressed clearly indicate our recognition and affirmation of the firmly settled principle that an attorney named by a testator to represent the testator's executor or heirs enjoys an "irrevocable status" in that as an agent of the testator so designated in the testator's will he may not be discharged from the mandate thusly conferred. We further believe our initial remarks made it abundantly clear that such an appointment involved the duty, privilege and obligation to represent the executor and heirs of the testator until the testator's estate is settled and the correlative right to compensation for such professional services.
We wish to make it clearly understood that the agency thusly established is irrevocable in the sense that it may not be cancelled or terminated by the executor or heirs of the testator without the consent of the attorney. Such a mandate, however, does not confer upon the agent power to deal with the property of the principal as his own and consequently does not bestow upon the agent authority which may be delegated or transmitted to a sub-agent.
Rehearing refused.
Affirmed.