323 So.2d 888 (1975)
A. Russell ROBERTS
v.
John Peter CRISTINA, III, et al.
No. 7110.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
Rehearing Denied January 13, 1976.
Writ Refused March 12, 1976.
John M. Coman, Jr., New Orleans, for defendants-appellants.
William J. Dwyer, IV, and Roberts, Sanders & Perlis, Metairie (Sharon A. Perlis, Metairie), for plaintiff-appellee.
Before SCHOTT, MORIAL and BEER, JJ.
SCHOTT, Judge.
Defendants are the widow and two surviving children of John Peter Cristina, Jr. who died on June 7, 1971. They have appealed from a judgment in favor of plaintiff, an attorney at law, for $4,327.92.
On September 20, 1968, decedent had executed a statutory will which included the provision:
"I name and appoint Louis DeSonier, Jr., or his successor, as attorney for my executrix."
On January 1, 1971, DeSonier became a District Judge of the 24th Judicial District Court for the Parish of Jefferson, and was unavailable to serve as attorney for the *889 Succession of Cristina. Defendants employed another attorney to handle the succession, but plaintiff claimed a fee on the basis that he was Mr. DeSonier's "successor," and therefore entitled to handle the succession under the terms of decedent's will.
Plaintiff's evidence consisting of his own testimony and that of Judge DeSonier showed that they had engaged in the practice of law as partners under the name of DeSonier and Roberts for a number of years before Judge DeSonier became a judge. Judge DeSonier then turned over to plaintiff all of his files and considered plaintiff as his successor in the practice of law.
Plaintiff admitted that his acquaintance with decedent was casual, that he knew decedent only as a client of DeSonier and that he met decedent for the first time on the day his will was confected, plaintiff serving as a witness on the will. After Judge DeSonier left the practice of law, the only contact plaintiff had with decedent was in connection with a single lawsuit which had been in progress before Judge DeSonier had left and in which plaintiff and his associates continued to represent decedent until his death.[1]
Plaintiff maintains that his legal position is the same as the attorney in Rivet v. Battistella, 167 La. 766, 120 So. 289, in which the court held that the attorney designated in the will to settle decedent's estate was entitled to a fee where he tendered his services to the widow and heirs but they declined his services, employing other attorneys to settle the estate. We are not persuaded that this case is controlling in plaintiff's situation.
Plaintiff does not contend that when decedent used the phrase "or his successor" he then intended to designate plaintiff as the individual alternate attorney with De-Sonier. Nor would the facts support such a contention since plaintiff was present at the confection of the will serving as a witness and decedent could have easily designated plaintiff by name had this been his intention. Rather, plaintiff's contention is that decedent intended to designate anyone who would be Judge DeSonier's successor in the sense of the attorney who would take over the files and continue to handle matters and represent clients formerly served by DeSonier. The evidence does show that plaintiff was a successor in that sense.
In Succession of Zatarain, 138 So.2d 163 (La.App. 1st Cir. 1962), certiorari denied, the Court held that where an attorney was designated in a will, commenced the handling of the succession with the assistance of his partner and died while the succession was pending, the partner was not entitled to continue as attorney where the executor and heirs chose to employ another attorney. The Court reasoned that while the designated attorney enjoys an "irrevocable status" as agent for the testator and may not be discharged from the mandate conferred upon him, such mandate "does not bestow upon the agent authority which may be delegated or transmitted to a sub-agent."
In the instant case plaintiff's position is inconsistent with the rationale of Succession of Zatarain. Although Judge De-Sonier turned all of his files over to plaintiff when he left the practice and hoped that plaintiff would continue to handle pending cases and represent his former clients, at the time decedent executed his will in September, 1968, the question of who might become DeSonier's successor in this sense depended entirely upon who might be practicing with DeSonier at the time, or upon whomever DeSonier might choose as his successor. As far as decedent was concerned, DeSonier could have terminated his partnership with plaintiff or plaintiff could have left the practice or even died, the designation of a successor was entirely up *890 to DeSonier. Under the circumstances, plaintiff's position is not unlike the successor attorney in the Succession of Zatarain.
We recognize that the distinction relied upon by plaintiff in that decedent specifically designated DeSonier "or his successor" unlike the designation in Zatarain, but Rivet v. Battistella speaks of the designation of an attorney as a gratuity and therefore in a sense it is a legacy. Since such legacy was left to DeSonier with the right to bestow the legacy on anyone he might choose as his successor it is prohibited under LSA-C.C. Art. 1573.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendants, Mrs. Emma Alice Gubert, widow of John Peter Cristina, Jr., John Peter Cristina, III, and Norbert Cristina, Jr., and against Plaintiff, A. Russell Roberts, dismissing his suit at his cost.
Reversed and rendered.
NOTES
[1] The widow and a son testified that the decedent told them after Judge DeSonier became a judge that he no longer had a lawyer.