## THALHEIM v. CITY OF GRETNA.

### No. 16716.

Court of Appeal of Louisiana. Orleans.

Nov. 29, 1937.

Jno. E. Fleury, of Gretna, for appellant.

Andrew H. Thalheim, of Gretna, in pro. per.

JANVIER, Judge.

On January 20, 1931, the board of aldermen of the City of Gretna adopted two ordinances, one concerning certain improvements including paving on Lafayette street and one for similar improvements on Second street. In each of the ordinances Andrew H. Thalheim, then city attorney, was designated as the attorney who, on behalf of the City of Gretna, should attend to all legal matters in connection with the said work and who should receive a fee fixed at $1\frac{1}{2}$ per cent. on the total cost. On March 31, 1931, the board of aldermen dismissed Mr. Thalheim as city attorney, having shortly previously thereto employed in his stead Mr. Louis R. Gosserand. On September 18, 1931, the said board of aldermen adopted two additional ordinances concerning the improvements on the said streets and in each designated Mr. Gosserand as the attorney who should attend to all legal matters in connection with the said work and, in each of the said ordinances, the compensation of Mr. Gosserand was fixed at $1\frac{1}{2}$ per cent. on the total cost of the work. The work was completed and the attorney's fees earned on the basis fixed amounted to $620.24. Mr. Thalheim, unable to collect from the City of Gretna the amount to which he thought himself entitled, brought this suit, which seems to be a supplement to an earlier suit pending in which Mr. Thalheim had claimed other amounts for other services, this suit having been filed on October 16, 1931. In it Mr. Thalheim claimed $620.24, which, it is conceded, represents $1\frac{1}{2}$ per cent. on the total cost of the improvements of the two streets involved. When the matter was first before us we held that the City of Gretna, though it had acted within its legal rights in terminating the employment of Mr. Thalheim, in doing so had necessarily obligated itself to pay him for the services rendered by him prior to his dismissal, and we said that he had earned the proportion or pro rata of the entire fee based on the services rendered by him as compared to the total services necessary. We said that "he should be compensated for his services pro tanto" and we remanded the matter in order that there might be adduced evidence "which would enable us to determine the propor-

tionate amount of the total fee which had been earned." See 171 So. 591, 593.

After trial below on this issue there was judgment for plaintiff for $400, with interest at 5 per cent. from October 16, 1931, and for costs. The City of Gretna has appealed and Mr. Thalheim has answered the appeal, asking that the judgment be increased.

Counsel for appellant, City of Gretna, argues that the judgment should be reduced to $50, that representing the full amount earned by Mr. Thalheim up to the time of his discharge, and Mr. Thalheim contends that the judgment should be increased to $600, that being the amount claimed to have been earned by him prior to the termination of his employment.

There is some controversy over whether the services of Mr. Thalheim ended on March 5th, when his successor was appointed city attorney, or on March 31st, when he himself was dismissed as city attorney, or on September 18th, which is the day on which his successor was named in the new ordinances as attorney to take charge of that particular work. That question is not important, since all of the evidence concerns the services rendered by Mr. Thalheim, regardless of the dates on which they were rendered. However, we said in our first opinion that, from the time of his original employment, Mr. Thalheim had acted as special attorney under the ordinances referred to "until September 18, 1931."

When we consider the evidence introduced to throw light on the subject of what proportion of the legal services had been rendered by Mr. Thalheim prior to his dismissal, we find it in hopeless conflict. He himself states that he had rendered practically all of the services and that, when he was discharged, there remained nothing for the new attorney to do except to make the collections from the property owners, and that a special fee was authorized for the new attorney for this work and that it was not contemplated in the original ordinances that the work of collecting should be included in the contract. Mr. Gosserand, on the other hand, testifies that, when he was employed, only the preliminary work had been commenced and that he himself was required to do all of the work. He states that, looking back at the situation, he believes that he "had done most of the work."

Giving to each of these gentlemen the full credence to which he is entitled as a reputable member of the bar, we find nothing in this testimony which enables us to say that either had done more work than the other. Mr. Thalheim placed upon the stand, to testify in support of his claim that he was entitled to the larger part of the fee, Mr. Ernest M. Conzelmann and Mr. Frank H. Langridge, two attorneys of this state. They were both asked hypothetical questions in which Mr. Thalheim set forth the work which he, according to his statement, had done, and each was asked what portion of the entire fee had been earned. Mr. Conzelmann stated that he would fix the proportion at from $450 to $500, and Mr. Langridge said that he would fix it at $500.00. But on cross-examination each stated that he had based his estimate solely on the facts as given to him by Mr. Thalheim, and, when asked by the attorney for the City of Gretna whether, under other facts, he would estimate the services of Mr. Thalheim as worth the value placed upon them, on cross-examination, he said that he would not do so and that, if the services rendered by Mr. Gosserand had been as great as the attorney for appellant stated, the amount earned by Mr. Thalheim would have been substantially less. Mr. Conzelmann said, for instance: "My answer was made to the question propounded to me by Mr. Thalheim as to what that service was worth, without knowing the facts as given to me by you, Mr. Fleury, which naturally would make some difference—I would have to qualify my answer in some respects. If Mr. Gosserand had to carry the work on from that point where Mr. Thalheim left off, the ordinances, and the collections, then, of course, I must say that I will have to qualify my answer, and it probably would not be worth as much as I said it was."

Mr. Langridge qualified his original answer as follows: "If Mr. Thalheim only did half of the work involved in the transaction, which covers the fee of six hundred and twenty dollars, then, naturally, I would say that he would only be entitled to half of the fee—but, as I originally answered, my basis of a five hundred dollar fee is based on the question as propounded to me by Mr. Thalheim, as to the amount of work performed by him, and the amount of work performed by Mr. Gosserand. In other words, boiling it

down, I would say that if Mr. Thalheim performed the amount of work as set forth in his question to me, I would maintain that he is entitled to a five hundred dollar fee, provided that the work was more than one-half of the entire work performed."

Were it not for the light thrown upon the subject by the conclusion reached by our brother of the district court, we would find the matter in irreconcilable conflict. But, in view of the fact that he, after hearing all of the witnesses, reached the conclusion that Mr. Thalheim was entitled to a fee of $400, with interest from judicial demand, we are of the opinion that that is the amount which should be permitted to stand as representing the compensation earned by Mr. Thalheim.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.