## CITY OF GRETNA v. GOSSERAND.

### No. 17198.

Court of Appeal of Louisiana. Orleans.

June 12, 1939.

Andrew H. Thalheim, of Gretna, for appellant.

Louis H. Gosserand, of New Orleans, in pro. per.

McCALEB, Judge.

The City of Gretna has appealed from a judgment dismissing its suit wherein it seeks to recover from the defendant, Louis H. Gosserand, the sum of $400.

The case is an outgrowth of several years of protracted litigation between Andrew H. Thalheim and the City of Gretna which has been considered here on two previous occasions. See Thalheim v. City of Gretna, La.App., 171 So. 591, and Id., La.App., 177 So. 115. The facts of the matter are not in dispute and we find them to be as follows:

On January 20, 1931, the City of Gretna, acting in pursuance of Act No. 3 of the Louisiana Legislature of 1929, passed Ordinances Nos. 497 and 498, which provided for the paving, and otherwise improving, of portions of Lafayette Avenue and Second Street at the cost of the abut-

ting property owners. In each of these ordinances, Andrew H. Thalheim, then City Attorney, was designated on behalf of the City to attend to all legal matters in connection with the proposed improvements and it was provided that he should receive, as compensation for his services, a fee of 1½% on the total cost of the work. On March 31, 1931, the Board of Aldermen of the City discharged Mr. Thalheim, as City Attorney, and appointed Mr. Gosserand in his place and stead. Later, on September 18, 1931, the Board of Aldermen adopted two additional ordinances, concerning the improvements on Lafayette Avenue and Second Street. These ordinances, which amended, reenacted and revised Section 2 of Ordinances 497 and 498, are identical and read as follows:

"That Louis H. Gosserand be and he is hereby retained as Attorney to attend to all legal matters in connection with said improvements, and his fee is hereby fixed at one and one-half (1½%) per cent. of the total cost of said work, payment of said fee to be in cash; said attorney's fees, as well as the entire costs and expenses in connection with said improvements, to be paid by the abutting property owners."

The effect of these amendments was to substitute Mr. Gosserand in the place of Mr. Thalheim, as attorney for the City of Gretna, in the handling of all legal matters connected with the Lafayette Avenue and Second Street improvements, and it is conceded by the parties that the attorney's fee, based upon the percentage agreed upon, amounts to $620.24.

In accordance with his contract of employment, Mr. Gosserand took over the legal work which had previously been handled by Mr. Thalheim under the original ordinances. After the completion of the project, Mr. Gosserand received a check from the City for the stipulated fee of $620.24. Subsequently, on March 4, 1931, Mr. Thalheim filed suit in the District Court against the City of Gretna and the Board of Aldermen for certain fees which he alleged he had earned during the term of his employment as City Attorney, in addition to his regular salary. In that matter, he included, as a part of his demand, a claim for the $620.-24 which he charged was due and payable to him by virtue of his contract of employment under the original ordinances Nos. 497 and 498, providing for the paving and improvement of Lafayette Ave-

nue and Second Street. His case was dismissed in the trial court but on appeal here (see 171 So. 591) we held that, insofar as his claim for a fee of $620.24, under the original ordinances of the Board of Aldermen for the City of Gretna was concerned, he was entitled to receive just compensation for the work he had performed in conformity with that contract. In arriving at that conclusion, we expressed the view that, while the City of Gretna had the legal right to discharge Mr. Thalheim at any time it saw fit to do so, it was liable to him for the service he had actually rendered from the date of his employment until the date of his discharge and we remanded the case to the trial court for the purpose of having evidence introduced respecting the value of his work. On the remand of the case, the District Judge fixed the value of Mr. Thalheim's services at the sum of $400 and granted judgment to him against the City of Gretna for that amount. On appeal by the City to this court (see 177 So. 115), we affirmed the judgment.

Thereafter, the City of Gretna instituted the present suit against Mr. Gosserand, claiming that, since it had been determined that Mr. Thalheim was entitled to the sum of $400 of the $620.24 attorney's fees, due under Ordinances Nos. 497 and 498 as amended, he had been overpaid and that he should be compelled to refund to it the sum of $400. In other words, it is the theory of counsel for the City of Gretna that, in our previous opinions in the Thalheim case, we found that there was only the sum of $620.24 payable under the contracts made by the City of Gretna with Mr. Thalheim and Mr. Gosserand; that we concluded that Mr. Thalheim should receive $400 of the total fee and that it follows that Mr. Gosserand is entitled only to the balance of $220.24.

Counsel is mistaken in his interpretation of our views in the Thalheim case. There, we declared that, while the Board of Aldermen of the City of Gretna had the right to dispense with Mr. Thalheim's services, they could not do so without rendering the City liable for the value of the work he had performed under his contract and we later approved the judgment in his favor, which fixed his compensation at $400. We are unable to discern that our ruling in that matter has any bearing on the right of Mr. Gosserand to retain the stipulated fee he has

earned under a separate contract with the City. Mr. Gosserand was employed under ordinances regularly adopted by the Board of Aldermen on September 18, 1931, to perform all necessary legal services in connection with the paving and improvements on Lafayette Avenue and Second Street. It is not contended in this case that he has not discharged the duties imposed upon him by the agreement. It is true that, at the time Mr. Gosserand was employed, Mr. Thalheim had already performed valuable legal services in connection with the City's project. But this fact cannot affect Mr. Gosserand's right to keep the stipulated fee to which he was entitled under his contract.

Counsel for plaintiff furthermore insists that, because, on October 16, 1931, he (Mr. Thalheim) filed a suit against the City of Gretna whereby he contended that he was entitled to attorney's fees of $620.24 and sought the issuance of a writ of sequestration (on the allegation that he feared that the Mayor and Board of Aldermen would conceal, or dispose of, to his prejudice, the fees due him), Mr. Gosserand was placed on notice that his right to collect his fee under the amended ordinances was in contest and that, under such circumstances, he should not have permitted the City to disburse to him the $620.24. We see no merit in this contention forasmuch as Mr. Gosserand was entitled to the fee he received under a separate and distinct agreement which had no connection with Mr. Thalheim's employment.

Counsel also seems to be under the belief that the City of Gretna could not make itself liable for the payment of money under the employment contracts inasmuch as the ordinances stipulate that the attorney's fees are to be borne by the abutting property owners. His deduction is not well founded. In the Thalheim case, we held that the City of Gretna was personally liable to Mr. Thalheim because it had breached, without just cause, its contract with him and had thus deprived him of the right to collect his fee from the property owners. Had we entertained the views now contended for, we would have been powerless to grant to Mr. Thalheim the relief he sought and obtained in that matter.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.