No. 4957.

STATE ex rel. HEIRS OF GEE *v.* THE PARISH JUDGE OF CLAIBORNE.

The question in this case is whether the judge *a quo* had the right to refuse a suspensive
appeal.

This is not the case of a contest as to which of several applicants shall be appointed adminis-
trator of a succession, where the necessity of an administration is not questioned, and
where the appointment under the law takes effect notwithstanding an appeal.

The question is whether there was any necessity for an administration at all. From a judg-
ment deciding this against them, the heirs had a right to a suspensive appeal to this
court.

APPLICATION for a mandamus against the Parish Judge of the
parish of Claiborne. *Egan & Hayes,* for relators.

MORGAN, J. Mrs. Gee died on the eleventh December, 1873. D. B.
Harrison, public administrator for the parish of Claiborne, applied to
the parish court to be appointed administrator. His application was
made on the eleventh December, 1873. He represented to the court
that Mrs. Gee had died without leaving any will, and that she had left
no heirs, present or represented, in the State.

On the twentieth December, certain parties claiming to be the heirs
of Mrs. Gee, opposed his application, and prayed to be put in posses-
sion of the succession, they proposing to accept the same purely and
unconditionally.

Before their opposition was tried, the public administrator presented
another petition to the parish court, alleging that his first application
was inadvertently made, and praying to be put in possession of the
estate at once. The order was granted. From this order, which is
a judgment, the parties claiming to be heirs asked for a suspensive
appeal, which was refused, whereupon they apply to us for a man-
damus against the judge praying that he be ordered to grant the sus-
pensive appeal.

They are entitled to it. This is not the case of a contest as to who
of several applicants shall be appointed administrator of a succession,
where the necessity of an administration is not questioned, and where
the appointment under the law takes effect notwithstanding an appeal.
The question is was there any necessity for an administration at all,
and from the judgment deciding this question against them, the heirs
had a right to a suspensive appeal to this court.

The rule is made absolute, and the mandamus is to be issued as
prayed for.