On Motion to Dismiss Appeal.
SOMMERVILLE, J.
[1] John B. Hall was named executor of the last will and testament of Jean Serres. His application to qualify was opposed by the widow and heirs, and the district court refused to issue a letter to him. He prosecutes a suspensive appeal from said judgment.
A full statement of the case is in 133 La. 929, 63 South. 409.
Appellees move to dismiss the appeal on the ground that the appellant has no interest in the succession, and that he cannot appeal suspensively from a judgment rejecting his application to be appointed executor under the will.
If the judgment had been otherwise, if it had been in favor of the applicant for letters, surely the heirs would have had the right of appeal from such judgment; and there is no reason suggested why the unsuccessful applicant for letters of executorship should not have the same right. State ex *1008 rel. Marin v. Judge, 22 La. Ann. 23; Heirs of Pearson v. Judge, 22 La. Ann. 61 (64); Heirs of Gee v. Judge, 26 La. Ann. 122.
The appellate jurisdiction of this court “shall extend to all cases where the matter in dispute, or' the fund to be distributed, whatever may be the amount therein claimed, shall exceed $2,000, exclusive of interest.” And where a judgment does not fall within the exceptions contained in articles 571, 580, and 1059, Code of Practice, the party cast in a judgment is permitted to appeal suspensively. We say in the Succession of Drysdale, 122 La. 37, 47 South. 367:
“In so far as the judgment rejects their (the testamentary executors’) application for the probate of the will propounded by them and for their appointment as executors, the appeal, call it what we may, has no other effect than to hold the matter in court until it can be finally disposed of, just as does an appeal from a judgment rejecting a demand for money or property not under seizure.”
Motion denied.