ST. PAUL, J.
 

 Anthony Battistella died leaving a will by which he distributed his estate, named an executor, and designated plaintiff, an attorney at law, to settle his estate in Louisiana.
 

 Plaintiff tendered his services to the widow and heirs, legatees under the will, and to the executor, but they declined his services, employed other attorneys, and settled the estate of the deceased without calling on plaintiff to render any services in connection therewith.
 

 Plaintiff brings this suit against the said widow and heirs to recover from them the amount of the fees to which he would have been entitled had the provisions of the will been carried out and himself been employed to settle the succession.
 

 I.
 

 The only question presented is whether such a designation in a will is valid and binding on those who take under the will.
 

 If such a designation be not binding on those who take under the will, then the reason must be because such designation is contrary to law or good morals, or in violation of some well-recognized public policy. For “the donor may impose on the donee any charges or conditions he pleases, .provided they contain nothing contrary to law or good morals'.” R. O. O. 1527, 1519.
 

 II.
 

 But there is nothing contrary to good morals in such a designation, and there is no law which forbids it. It is certainly not contrary to any public policy of the state, for it introduces no new tenures unknown to the law, but merely designates the method and channel through which the estate shall be settled and turned over to the beneficiaries under the will. And this is entirely within the rights of the testator. See Succession of Serres, 135 La. 1005, 66 So. 342. And, moreover, the Legislature has expressly recognized that such a designation is not contrary to the public policy of the state, by making such designations binding upon
 
 banks
 
 when appointed executors or trustees. Act 45 of 1902; Act 107 of 1920.
 

 It is said that the fact that provisions of these two laws make it obligatory on
 
 banks
 
 to accept such designation arid fails to make such designation binding on individuals is evidence that the Legislature never intended that such designation be binding on individuals. But that is non sequitur. The Act No. 45 of 1902 for the first time permitted banks to act in certain fiduciary capacities, and out of excess precaution provided, not only that such a designation by will should
 
 *769
 
 be binding on the bank, appointed to such fiduciary capacity, but also that “the selection of an attorney by the surviving spouse, or heirs shall be binding upon such bank.” The purpose of the statute is self-evident; it was intended to prevent banks, .appointed to fiduciary capacities, from establishing a monopoly of the probate business of the state. The statute intended to make that clear; and there was, and could be, no intention in that statute to declare what might otherwise be the rights of a testator in designating an attorney to settle his estate. And the Act No. 107 of 1920 merely proceeded on the same track as that of 1902; for.it would manifestly be absurd to hold that one who meant to establish a" trust under said act could not attach thereto any conditions he saw fit, including the person to whom such trustees should go for advice, since the donor is given full authority to provide “the manner in which the property donated shall be administered.”
 

 III.
 

 The very question here raised was presented to the Court of Appeal for the parish of Orleans, in Untereiner v. Ernst et al., No. 8606 of its docket (See So. Rep. Rig.). That court held that such a designation was valid and binding upon the heirs. And when that decision was laid before this court for review (No. 27356 of our docket [no opinion filed]) we found no error in the rtiling of the Court of Appeal. And we see no error now.
 

 IV.
 

 We are referred to several cases from other jurisdictions wherein it was held that such a designation is not binding, to wit, In re Ogier’s Estate, 101 Cal. 381, 35 P. 900, 40 Am. St. Rep. 61; Young v. Alexander, 16 Lea (Tenn.) 108; In re Pickett’s Will, 49 Or. 127, 89 P. 377; Matter of Caldwell, 188 N. Y. 115, 80 N. E. 663; Matter of Wallach, 215 N. Y. 622, 109 N. E. 1094.
 

 But all these cases proceed upon the theory that the naming of an attorney may be distasteful or disadvantageous to the executor, and entirely overlook the fact that the testator may impose such conditions as he sees fit on his executor, and the latter is free to accept or decline the trust if not satisfied with the conditions imposed.
 

 But, be that as it may, the law.of this state is that within certain limits, not pertinent here, a testator (donor mortis causa) may impose such conditions on his gratuities as he sees fit. R. C. C. 1527, 1519; Succession of Series, 135 La. 1005, 66 So. 342.
 

 V.
 

 The trial judge allowed plaintiff $5,-000; but we think this amount too large. The event showed that the proceedings
 
 necessary
 
 for the settlement of the succession were simple; in fact, the heirs accepted the succession and were put in possession thereof at once. The inventory of the succession showed assets of about $147,000, and we think a fee of $3,500, approximately 2% per cent., would be a fair fee under the circumstances.
 

 Recree.
 

 The judgment appealed from is therefore amended by reducing the amount allowed plaintiff to $3,500, with legal interest from judicial demand and all costs of the lower court; and, as thus amended, said judgment is affirmed. Plaintiff to pay the costs o!Jf this appeal.
 

 O’NIELL, O. X, and OVERTON, X, dissent.