## THOMAS v. ARMSTRONG.
### No. 14479.

Court of Appeal of Louisiana. Orleans.
March 27, 1933.

James C. Schillin, of New Orleans, for appellant.

Daniel Wendling, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff claims the sum of $2,000, said to have been deposited with the defendant on November 29, 1908, together with 7 per cent. interest from November 28, 1926, until paid. Defendant answered admitting receipt of the money on the date alleged and that interest had been paid up to November 28, 1926, but averred that the obligation was liquidated and settled as a result of a verbal agreement between the parties entered into during the latter part of December, 1928, whereby it was agreed that defendant's claim against the plaintiff for an attorney's fee of $2,226.05 would offset the plaintiff's claim for the amount of the deposit with accrued interest, and that the claims would be thereby mutually extinguished.

There was judgment in favor of defendant dismissing the plaintiff's suit, and she has appealed.

The record shows that the defendant is a practicing attorney at law and for a number of years had been the adviser of plaintiff and her mother and father. He was appointed as executor by the mother in her will, and acted in that capacity in administering her estate. He also served as attorney at law in the settlement of the succession of plaintiff's father.

The $2,000 was deposited with defendant and invested in a mortgage note dated June 20, 1908, signed by a Mr. H. G. Turner, who subsequently willed the real estate securing the note to the defendant, who was recognized and placed in possession thereof during 1913. Thereafter defendant continued to pay the interest on the mortgage note which remained in his possession until November 28, 1926, when, on account of his financial condition, he was unable to pay the interest. On December 14, 1923, the inscription of the mortgage in the mortgage office was canceled on the ground of ten-year prescription by Gabriel Fernandez, notary public, on the instructions of an attorney who was examining the title at that time, but without the knowledge of the defendant.

The plaintiff was an intimate friend of Henry Miller and his sister, who were elderly people, and nursed them for several years when they were practically invalids. Mr. Miller's sister predeceased him, and he then expressed a desire to make a will in favor of the plaintiff. The plaintiff consulted the defendant about the advisability of having Mr. Miller make a will because there was another party attempting to get Mr. Miller to make a will in his favor. Upon the advice and with the assistance of the defendant, Mr. Miller finally made an olographic will naming the plaintiff as universal legatee. When

the testator died, plaintiff employed the defendant to probate the will and have her placed in possession of the entire estate. On December 20, 1928, defendant sent the plaintiff a bill for his fee of 10 per cent. of the estimated value of the estate or $2,190 plus costs of court amounting to $36.05, or a total bill of $2,226.05. A few days after receiving this bill, plaintiff went to defendant's office and protested that it was excessive, but was told by the defendant that he felt that it was reasonable and fair. The present suit was filed on the 19th day of May, 1930.

Defendant testified that, although the plaintiff complained that the bill was exorbitant, she subsequently agreed that her claim for the deposit and accrued interest which defendant owed her would liquidate and settle his claim for attorney's fees and costs of court.

Plaintiff, as a witness in her own behalf, denied that she ever entered into any such agreement or settlement, but admits that she owed the defendant a fee for services rendered and never paid it. ,

Defendant offered as a witness Mr. Charles G. Gill, an attorney at law who shared offices with him. He testified that he was familiar with the succession proceedings of Henry Miller and the services that defendant rendered in conection therewith as an attorney at law in behalf of the plaintiff, that plaintiff visited the office after receiving defendant's bill and consulted with him as to its reasonableness, complaining that she considered it too high and that he told her that he felt that the bill was fair, and that immediately after discussing the matter with him she went into defendant's office for the purpose of speaking to him about reducing the bill.

Mr. Fred Veith, also an attorney at law who shared offices with the defendant, testified as a witness for defendant and stated that the plaintiff spoke to him about the bill being excessive, but that he assured her that, if he had been in defendant's place, he would have charged a fee of $3,000; that she then went into defendant's office to seek a reduction of the bill, and a few moments later he (Mr. Veith) went into the office and heard the defendant tell the plaintiff that, if she did not have the cash, it was agreeable to him for her claim for the deposit plus interest, represented by the mortgage note, to offset his claim for his fee and costs of court, and that she consented to this arrangement.

Counsel for the plaintiff contends that the defendant had the burden of establishing the special defense; that he has failed to do so; that his testimony should not be given credence because he permitted the mortgage securing the note, which he constantly retained in his possession although he was the debtor, to prescribe and be canceled, thereby depriving the plaintiff of her security; and that we should not believe the defendant because the judge of another division of the civil district court, in the proceedings entitled "Succession of Mrs. Mary Copeland, Widow of George Thomas," where the defendant as executor was required to account for the sum of $1,500 intrusted to him by the plaintiff's mother,· refused to believe his testimony that the defendant had rendered an account to the deceased before her death; the Supreme Court affirming the holding of the trial judge.

Conceding that defendant was guilty of neglect in not having the mortgage reinscribed so as to interrupt prescription, the fact remains that plaintiff does not claim to have sustained any financial loss thereby, and the defendant is not seeking to take advantage of that circumstance, but admits it was an oversight on his part.

In the succession proceedings of the plaintiff's mother, defendant, as executor, admitted the deposit of $1,500, and testified that he had accounted for the whole sum to plaintiff's mother in 1912 before her death, but had mislaid these old records. The plaintiff denied that he had rendered an account to her mother. The district judge held that defendant had failed to sustain the burden of establishing his defense, there being no evidence to support his testimony, and the Supreme Court affirmed the judgment. —— So. ——.[1]

In the instant case the defendant's evidence is corroborated by the testimony of his office associates to the effect that the plaintiff did enter into a verbal agreement of compromise and settlement with defendant whereby their respective claims were extinguished. Our learned brother below was of the opinion that the defendant had established his defense by a preponderance of the evidence, and we feel that the record supports his conclusion.

Counsel for plaintiff, however, argues that the attorneys' fee charged was exorbitant because it was only a matter of probating the will and having plaintiff recognized and placed in possession and having the inheritance tax fixed, citing Rivet v. Battistella, 167 La. 766, 120 So. 289, and Peltier v. Thibodaux, 175 La. 1026, 144 So. 903.

We do not feel that we are called upon to pass upon whether the fee charged is reasonable or excessive because, conceding that it was exorbitant, the plaintiff having agreed to settle the matter has put an end to that controversy. If plaintiff felt that the fee was exorbitant, she should have refused to accept defendant's proposition, and then the court in a proper proceeding would have passed upon the question of what was a reasonable and fair fee under the circumstances.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

---

[1] Rehearing pending at date of publication.