FOURNET, Justice.
 

 Relator, Claude L. Johnson, applied for and was granted writs of certiorari to review the judgment of the lower court dismissing, on exceptions of no cause and no right of action, the suit instituted by him to have revoked and set aside the qualification of Mrs. Frances Rembert Jones, the respondent, as the testamentary executrix of the succession of her late father, Dr. George W. Rembert, and, also, to have her enjoined from taking any further steps to qualify or to otherwise act as the testamentary executrix of the said succession without the advice and assistance of the relator, who was designated as the legal adviser of the decedent’s estate in his will. Pending our review of this matter, we granted an order staying the proceedings in the lower court.
 

 The facts of this case, as reflected by the record, are that the relator had been for many years the confidential adviser of and attorney for the late Dr. George W. Rembert, who, prior to his death in New Orleans on September 18, 1941, informed the relator that under the provisions of his last will and testament the respondent had been appointed the testamentary executrix of his estate and he, the relator, had been appointed and designated as the legal adviser thereof. Soon after the death of Dr. Rembert, the relator informed the respondent of these provisions, but, despite this fact, she proceeded to open the succession with the aid and assistance of other counsel, and had the will of Dr. Rembert filed in court. It then became apparent that the information imparted to the respondent by the relator had been correct. The respondent immediately sought to have the relator associate with him in the settling of the estate counsel of her own choice, and, upon his refusal, endeavored to circumvent his designation as the legal adviser. The relator alleges that it was only after he became convinced that the respondent did not intend to qualify as the testamentary executrix or to probate the will, that the surviving widow and legatee under the will, upon his advice and with his assistance, filed proceedings on October 10 to have the will probated and an inventory taken of the estate under an order granted her by the court, so that they might proceed with the orderly administration thereof. It appears that on October 14, 1941, Mrs. Jones, the respondent, qualified as the testamentary executrix of the estate of her father in proper person, under documents prepared for her by counsel other than relator, and that, on the following day, in her capacity as testamentary executrix, she sought to have the taking of the inventory under the
 
 *374
 
 order granted the surviving widow, stayed; whereupon the relator instituted these proceedings.
 

 The testator, in order that the provisions of his will may be carried out in accordance with his wishes, has not only the unlimited power to appoint the executor thereof (Succession of Serres, 135 La. 1005, 66 So. 342), but he may, also, designate therein that an attorney, in whom he reposes confidence, shall perform all of the legal requirements attendant upon the opening of his succession and the settling of his estate. Rivet v. Battistella, 167 La. 766, 120 So. 289, and Untereiner v. Ernst, No. 8606 of the Court of Appeal for the Parish of Orleans [See Louisiana and Southern Digest].
 

 But the respondent trial judge, in his answer to relator’s application for the writ granted in this case, states that his dismissal of relator’s suit on the respondent’s exceptions of no cause and no right of action was predicated on his belief that the Rivet case was authority for the recovery of the amount of the fees to which an attorney designated in a will as the legal adviser of the estate would be entitled if the provisions so designating him were carried out and not "for the proposition that an attorney designated as legal adviser of a succession has a right or cause of action to seek to set aside the qualification of a testamentary executrix or to seek to prevent a testamentary executrix from qualifying or otherwise acting without the aid, advice and assistance of the legal adviser so designated.”
 

 While it is true that in the Rivet case the plaintiff was seeking to recover the fee to which he would have been entitled had he been permitted by the executor and the heirs, who selected other counsel, to settle the estate of the decedent in accordance with the decedent’s wishes as expressed in his will, nevertheless, in order to arrive at a proper decision of that issue, it was necessary to decide whether or not the designation of an attorney in the will of a testator to act as the legal adviser of the estate is valid and binding on the heirs and those who take under the will and this, court, citing the cases of Serres and Untereiner, supra, squarely held that it is.
 

 It was declared in the case of Succession of Serres [135 La. 1005, 66 So. 345] that “ * * *
 
 the law confers upon á living man the power so to control his estate after his death as to prescribe the channel through which'it shall reach its ultimate destination,
 
 and to that end to vest the seisin and administration in another, who may be willing to accept the trust;
 
 and
 
 no matter what may be the rights of the heirs, with respect to the taking of such seisin from him to whom it is thus given,
 
 the owner and, testator may at least require that they shall so take it, just as he may require that his creditors shall receive payment of their debts from the person named by him.
 
 * * * But, though the law authorizes an inquiry into the motive of the testator in disposing of his .estate, and limits his power in that respect, it confers no such authority, and Imposes no such limitation, in the matter of the appointment of his executor, and he may appoint as executor, with full seisin,
 
 *375
 

 a.
 
 person to whom he can leave none, or but a small proportion, of his estate.” (Italics ours.)
 

 And in the case of Untereiner v. Ernst the court said: “All these remarks [in the Serres case with reference to the appointment of an executor by a testator] are equally applicable to the appointment by the testator of an attorney to assist the Executor in the judicial execution of- the testament, and to make certain that the testament will be executed in accordance with her wishes as expressed in the testament under the supervision of one in whom she reposes her trust for ability and probity.” (Brackets ours.) This case was cited with approval in the Rivet case with the comment that when it was before this court on
 
 ■a.
 
 writ of certiorari the writ was refused for the reason that “we found no error in the ruling of the Court of Appeal. And we see no error now.” [167 La. 766, 120 So. 290.]
 

 This court very aptly pointed out in the Rivet case that however distasteful or disadvantageous the attorney designated in the will may be to the executor, “a testator (donor mortis causa) may impose such conditions on his gratuities as he sees fit,” and the executor “is free to accept or decline the trust if not satisfied with the conditions imposed.”
 

 The duties of an executor are fully described in our Revised Civil Code, Articles 1658-1689, and explained in the light of the French authorities on this subject in the case of Succession of Ames, 33 La.Ann. 1317, as follows:
 

 “The appointment of an executor by a testator is a mandate, anomalous in this, that it begins when other mandates, intended to be exercised at a different time, terminate; i. e., at the death of the principal. Marcadé, vol. 3, p. 104; Art. C.N. 1025. When it is accepted, it is a contract binding on the conscience of the executor, the effect of which he is not lightly to disregard. Mourlon, vol. 2, p. 444 (5) ; Art. 1034, C.N.; Coin Delisle, p. 487, No. 11. By such an appointment, the testator constitutes the executor a mediator between the various parties who may have an interest in his succession, whether under the will, or under the law. Duranton, No. 390. The instructions of the principal to his agent in such a case are peremptory, when their execution infringes no prohibitory law. * * * His trust of executor, of confidential agent and mandatory, charged with the execution of the sacred behests of the departed one, and to be held as such as long as they contravene no prohibitory law, —derives from the testator and not from the law, and cannot place him in duriori casu. * * * The powers which are conferred upon him * * * last during all the time which is necessary to wind up the estate and to execute the will of the deceased, which is to him, the law.”
 

 As to the executor, the will of the deceased is the law. Under no circumstances can it be inferred that the executor attains by his appointment the right or power to change or vary, either by word or phrase, any of the provisions of the will. Upon him is placed the duty of taking the will as left by the testator and executing it
 
 *376
 
 in its minutest detail to the utmost of his ability. There is no mandatory provision of the law that thrusts this trust upori him; he may reject it if he so desires. But once it has been accepted, he accepts also the duty imposed upon him of seeing that all of the valid provisions and dispositions of the will are performed.
 

 There can be no doubt but that this is exactly what the late Dr. Rembert intended and desired, for in his will he states that he shall confidently expect his heirs to faithfully respect and uphold the agreement between him and his wife with regard to the community property, and further stipulates that “any heir who shall violate this — .
 
 or any other provision of this instrument or will
 
 — shall automatically forfeit the right to any and all bequests herein granted them.” (Italics ours.)
 

 The qualification of Mrs. Frances Rembert Jones as testamentary executrix is a fait accompli, which will not be disturbed by us. In so qualifying, however, Mrs. Jones has obligated herself to accept the legal aid.and advice of Claude L. Johnson, the designated legal adviser of the estate. She is as powerless to deprive him of his right to act as legal adviser of the estate as he is to deprive her of her right to execute the same. Mr. Johnson has the right to resist his supersession by counsel of Mrs. Jones’ choice. Of course, if Mrs. Jones desires the private advice and counsel of her attorneys, that is a matter between her and ’ her attorneys.
 

 For the reasons assigned, the judgment of the lower court dismissing relator’s', suit-is reversed, the exceptions of no cause and no right of action are overruled, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed, at respondent’s cost.