FRUGÉ, Judge
(dissenting).
This appeal results from an adverse judgment to a plaintiff in a possessory action. The trial judge held that an executrix does not sufficiently possess the immovable property of a succession to meet the requirement of the C.C.P. Article 3656 which states:
“A plaintiff in a possessory action shall be one who possesses for himself.” (Emphasis added.)
This court is now holding that the executrix does qualify to bring the possessory action and in doing so ignores a very important obstacle. C.C.P. Article 685 states that a succession representative is the proper plaintiff to sue, “to enforce a right of the deceased or of his succession, * * * ” (Emphasis added). There can hardly be any doubt that an executor is merely a representative and nothing more. Clearly from this article an executor cannot have greater capacity than he possesses by virtue of representing the deceased or his succession. In this case the deceased could not have brought the action as the disturbance occurred after his death. Then to bring this instant suit the executrix must do so in her capacity as a representative of the succession. To hold that the executrix can bring this action elevates the succession to the status as a separate juridical entity for the capacity of the executrix is derivative. This brings us to a result which has had very little support.
In a recent publication, entitled Louisiana Legal Transactions: The Civil Law of Juridical Acts, by Professor Saúl Litvinoff and W. Thomas Tete, the authors discuss the history of the succession as a juridical entity and conclude,
“Thus it would appear that the concept of the legal personality of a succession was abolished by the Code of 1825. The provisions of the Code of 1825 abolishing the legal personality of a succession were continued into the Code of 1870.”
(Page 44, Sec. 11 Successions.)
To hold that the representative can bring the action must mean the succession can bring the action. This conclusion reached by the court is not supported by the Code of Civil Procedure. The comment (B) under Article 685 states that:
5{c j{c >¡< ‡ :fc
“ * * * In this code the succession representative, regardless of his title, represents both creditors, and heirs or legatees; and he has been granted powers to act for the benefit of the heirs or legatees, * * *.”
Article 3211 of the Code of Civil Procedure provides that a succession representative shall be deemed to have possession of all property of the succession. The impact of this article was dramatically portrayed in Simpson v. Colvin, La.App., 138 So.2d 438, where we held that the succession representative was so entitled to the possession of the property that he could evict forced heirs. This cannot be taken to mean that the representative has the necessary possession in every instance. Clearly the language of the Simpson case *386 contemplates that the executor does not have every aspect of possession:
“ * * * We think the rights acquired by the heir or universal legatee immediately after death under this maxim, however, are rights of ownership, or of legal, proprietary or civil possession, with all of the advantages which flow from those rights, such as accretion, prescription and fruits, but we also are convinced that the heir or universal legatee does not necessarily acquire actual or corporeal possession of the property immediately after death under that doctrine or under the above cited articles of the Civil Code. In a case such as the instant one, where there is an administration of the estate of a decedent, we think the law gives to the administrator or executor, subject to the supervision and control of the court, the actual possession of the property belonging to the estate, during the administration of the succession, although the legal heirs or universal legatees may have the ownership, or the legal or civil possession of such property. See XV T.L.R. 576-591; Succession of Serres [135 La. 1005, 66 So. 342], supra; Succession of Martin, 234 La. 566, 100 So.2d 509.” (Emphasis added.)
This is very much in accord with the law as presently recognized. In Noel v. Jumonville Pipe and Machinery Company, 245 La. 324, 158 So.2d 179 (1963), the Supreme Court in holding that heirs could tack the possession of the predecessor in title, adopted the following language from the trial judges comprehension of the law:
******
“ ‘Certainly in view of the civil law doctrine of “le mort saisit le vif,” there was “a succession of relationship” between the possession of the late Robert E. Noel and his son Frank S. Noel, “created * * * by operation of law” and existing in fact. As the court understands that doctrine, the heirs succeed to all of the rights of the decedent at the very moment of death, and without the passage of the slightest moment of time.’ * ‡ *»
Clearly the right is,vested in the heir at the time of death, however, it is also clear that the executor of the estate is obligated to satisfy all claims or charges against the estate, and hence has the power to dispose of the property of the estate, notwithstanding the fact that the heirs have certain rights in the estate. Simpson v. Colvin, La.App., 138 So.2d 438. Power to dispose of the estate by the executor does not mean that the executor has the right to the possession of the estate for himself. True, under Article 3211, he has a right to possess the property but this cannot be taken to mean that he possesses for himself.
The majority bases its decision in part upon C.C.P. Article 3196 which states, «* * * a succession representative may exercise all procedural rights available to a litigant.” While this is a grant of procedural capacity it does not intend to change the requirements for a possessory action; hence, it should remain in view of the Civil Code which states that a succession is merely the transmission of rights of the deceased to his heirs, that the succession does not enjoy a separate identity. A succession cannot itself enjoy possession of property sufficient to support a possessory action, nor can the executor, the representative of the succession, have the right to bring a possessory action inasmuch as he does not possess for himself but only possesses as a representative for the other participants of the succession.
For the foregding reasons, I respectfully dissent.