STOULIG, Judge.
Plaintiff-appellant, Alcide J. Weysham, instituted this proceeding against defendants-appellees, Joseph S. Lodato and Salva-dore A. Lodato, seeking to recover $10,-500.00, the amount alleged to be due and owing to him as his fee as attorney for the Succession of Domenico Lodato, together with legal interest and all costs. Defendants-appellees answered plaintiff’s suit, stated that they had paid plaintiff $3,500.00 to date, denied that they owe plaintiff any further legal fees and prayed that plaintiffs suit be dismissed at his costs. In addition defendants-appellees filed a reconventional demand in which they prayed that plaintiff be ordered to return to them certain documents held by him in connection with the succession of their father and that plaintiff be cast in judgment to them in the amount of $300.00, the sum expended by them in connection with the cancellation of two mortgage notes.
Since the issues of fact and law concerned with plaintiff-appellant’s claim were closely related to issues involved in the succession itself, plaintiff’s suit was consolidated with those proceedings. After trial on the merits, plaintiff’s suit was dismissed at his costs. Defendants’ action in reconvention was dismissed in all respects except that plaintiff, defendant in recon-vention, was ordered to return to the Lodatos all documents in his possession which were owned by the deceased, Do-menico Lodato. From the judgment dismissing this suit plaintiff has perfected the present appeal. Defendants have not appealed from the judgment rendered on their reconventional demand and this judgment is now final and not before this court.
On October 25, 1968, Domenico Lodato departed this life. The deceased died testate and in his testament named plaintiff-appellant, Alcide J. Weysham, as “attorney for my estate and my Executors.” In compliance with the terms of their deceased father’s will, defendants engaged the services of Mr. Weysham to act in this capacity. Accordingly on November 12, 1968 Mr. Weysham in his capacity as attorney for the succession filed a petition to probate the deceased’s will and to have defendants appointed executors of the succession. Plaintiff handled the probate proceedings and saw to it that defendants were duly qualified as co-executors on November 25, 1968. In addition plaintiff filed a motion for authority to enter the deceased’s safety deposit box and list the contents and an affidavit of the death of Domenico Lodato.
On January 7, 1969 plaintiff filed a petition for authority to sell a certain piece of immovable property located at 827-829 North Rampart Street to the City of New Orleans. Mr. Weysham did not however negotiate the price on behalf of the estate but rather the terms of the whole transaction had been worked out beforehand by one Mr. Vorbusch. Mr. Weysham appeared at the act of sale as a courtesy to Mr. Vorbusch who was ill on the date the act of sale was passed.
No other documents or pleadings were filed in the succession proceedings from January 7, 1969 until May 14, 1969. Shortly prior to the latter date, defendants became dissatisfied with the services of plaintiff and sought the advice of their present counsel, Mr. Emile Dreuil, Jr. Mr. Dreuil wrote to plaintiff asking that he fix his fee at three percent of the assets of the succession and then place defendants in possession immediately. Plaintiff refused informing Mr. Dreuil that he was entitled to a seven percent fee. Thereupon Mr. Dreuil filed a joint petition for possession on behalf of both defendants, an affidavit of death and heirship, a sworn descriptive list, and on May 14, 1969 secured a judgment placing defendants in possession, *794 purely, simply and unconditionally of the property bequeathed them by the decedent. An amended judgment of possession was obtained on June 13, 1969. However defendants were discharged as testamentary executors on May 14, 1969 and the succession proceeding has been closed.
The record establishes that defendants had paid Mr. Weysham $3,545.13 prior to the date on which they terminated his employment. But it is plaintiff's contention that the succession was in need of an administration and that he is therefore entitled to a fee of more than $3,545.13, which is a little more than three percent of the gross value of the property physically located in Louisiana. Plaintiff further contends that since there was an ancillary succession proceeding in the State of California which involved his performing more work and taking on greater responsibility than is usually required in handling a succession, it justifies his charging a fee of seven percent, based on the gross amount of the entire Louisiana estate of the deceased and the gross value of all the movables in the California proceeding.
Defendants on the other hand contend that no administration was necessary and that plaintiff should be compensated on a quantum meruit basis for the services rendered by him in connection with the Louisiana proceeding as well as the ancillary succession proceeding in California. Defendants further contend that the value of the property which they will inherit through the California proceeding should not be considered in arriving at plaintiff’s fee.
It is well settled in our jurisprudence that an attorney named in the last will and testament of the deceased as attorney for the succession is entitled to a fee regardless of whether his services are utilized or not. Rivet v. Battistella, 167 La. 766, 120 So. 289 (1929). However this fee is determined in the light of the degree of involvement and difficulty of the proceedings necessary to put the heirs in possession.
After a careful review of the record we are in agreement with the findings of the trial court relative to the necessity for an administration of this succession. In pertinent part the trial judge stated as follows :
“From the evidence presented this court finds no difficulty whatsoever in reaching the conclusion that there existed no need for an administration of decedent’s estate. It was abundantly solvent, there were no creditors demanding an administration and defendants, the two sole heirs both of full age, were willing to accept the succession unconditionally, as was eventually accomplished after other counsel was retained.”
The gross assets of the succession property physically located in Louisiana totaled $118,171.50 while the total debts were $35,-876.43. Of further note is the fact that, of the total debt, $24,806.03 represented mortgage indebtedness on the North Rampart Street property which the decedent had agreed to sell prior to his death, Mr. Vor-busch having handled the matter for Domenico Lodato. The remaining debts were expenses of the last illness, funeral expenses, legal and administrative, expenses, and current debts, none of which were extraordinarily great. In fact the record establishes that the defendants had sufficient funds of their own to pay the current debts of the succession and safely accept the succession purely, simply and unconditionally had they been informed of their right to do so. However plaintiff did not inform defendants of their option to accept the succession in this manner. It was not until defendants obtained the services of present counsel that they became aware of this alternative and decided it was in their best interest to take possession without necessity of administration. Defendants were intimately acquainted with their deceased father’s business affairs and while his succession was substantial, we see no necessity in this instance to provoke an administration in order to protect the heirs. Moreover plaintiff did not himself treat this matter as a succession under administration *795 in that after he had letters testamentary issued to defendants, he failed to file an inventory or descriptive list and failed to obtain court authority prior to paying debts.
All factors being considered, we are of the opinion that a simple placing in possession was the only proceeding necessary in the instant matter. Accordingly plaintiff’s fee must be based on the amount of work necessary for a simple placing in possession. Moreover we find the minimum fee specified by the Louisiana State Bar Association and New Orleans Bar Association persuasive as to the amount plaintiff should receive. The Bar Associations suggest a minimum fee of three percent of the gross value of the assets of the succession up to the first $100,000.00 and two and one-half percent of the value of the assets over $100,000.00 but not in excess of $250,000.00 for a simple placing in possession.
The only remaining issue which we must decide is whether any portion of the assets included in the ancillary succession proceeding in California should be valuated with the assets located in Louisiana for the purpose of determining plaintiff’s fee. Plaintiff urges that we apply the conflicts of law principle that movables belonging to the deceased and located in another state are transmitted according to the law of Louisiana and through the Louisiana succession proceeding because the deceased was domiciled in this state. Therefore plaintiff urges that the movables in California should be valued along with the movable and immovable property in Louisiana for the purpose of determining his fee. Defendants however resist plaintiff’s contention and argue that plaintiff should be compensated only on a hourly basis for the work performed in connection with the California proceeding.
Domenico Lodato was the legatee under the joint will of Frank Lodato, his brother, and Ada Lodata, his sister-in-law, both of whom were domiciliaries of California. When Frank Lodato passed away in 1964 a trust was created under the terms of his will which was to last until Ada’s death. Upon Ada’s death whatever of Frank’s property was remaining would pass to Domenico Lodato and his brother, Sam. Ada Lodato departed this life in August, 1968, thereby terminating the aforementioned trust. Subsequent to Ada Lodato’s demise but prior to Domenico Lodato’s death, there was a decree of final distribution by the California court in the proceeding entitled Estate of Frank Lodato, distributing to Domenico Lodato his interest in the movable and immovable property belonging to his deceased brother. Thus Domenico Lodato was in contemplation of law the owner of the property bequeathed to him by Frank Lodato prior to the time of his death. Frank Lodato’s estate had been closed prior to Domenico Lodato’s demise.
There is no doubt in this court’s mind that the immovable property owned by Domenico Lodato in California which he inherited from his brother Frank is to be administered in the ancillary succession proceeding of Domenico Lodato opened in California. Only a court of proper jurisdiction in the state in which immovable property is located may adjudicate title to that property. However with regard to the movable property Domenico Lodato inherited from his brother, we are of the opinion that this property is properly in-cludable in the inventory of the Louisiana succession proceeding and therefore plaintiff’s fee is to be calculated on the basis of a gross estate which includes the value of these movables.
At the time of the trial, three members of the Bar of this state who have each practiced in excess of twenty years testified as expert witnesses regarding which assets located in another state were includable in the Louisiana succession of a decedent who was a domiciliary of this state. All three attorneys agreed that movable property owned by the decedent although physically located in another state was properly in-cludable in the Louisiana succession pro *796 ceeding. This view is in accord with the principle of law enunciated in Succession of Packwood, 9 Rob. 438 (1845), 12 Rob. 366 (1845). In that case the court held that movable property has no other situs than the domicile of its owner. Therefore movable property owned by the decedent, Alice Packwood, although physically located in Louisiana was to be transmitted to her heirs through the succession proceeding in the State of her domicile, New York.
The record as presently constituted does not disclose the value of the movables which Domenico Lodato inherited from his brother Frank in California. We therefore are of the opinion that this matter must be remanded for evidence relative to the valuation of these movables only.
The property which Domenico Lodato was to inherit from Ada Lodato is properly excludable from his Louisiana succession proceeding. Domenico Lodato had never been placed in possession of any property forming a portion of Ada’s estate prior to his death. He had only a right to appear in Ada’s succession proceeding to claim the property bequeathed to him. This right constitutes incorporeal immovable property. LSA-C.C. arts. 470, 471. As such the California court, through the ancillary succession proceeding, is the proper forum to convey title to the defendants to any property which would have been due to Domenico Lodato from his deceased sister-in-law’s estate.
For the foregoing reasons the judgment of the lower court is annulled and set aside and the matter is remanded to allow a determination of the value of the movable assets acquired by Domenico Lodato from the estate of his predeceased brother, Frank Lodato, and to set the fee of plaintiff-appellant, Alcide J. Weysham, on the basis of the minimum recommended fee of the New Orleans Bar Association for a simple placing in possession of the Succession of Domenico Lodato, said succession being composed of all movable and immovable property located in the State of Louisiana and all movable property located in the State of California which was acquired by Domenico Lodato from the estate of his brother, Frank Lodato, only. Costs of this proceeding to be borne by defendants-ap-pellees.
Annulled and set aside; remanded.