SAMUEL, Judge.
Plaintiff, John M. Holahan, appeals from a judgment awarding him a fee of $5,400 for legal services rendered in the Succession of Ophelia Cochran, wife of Lloyd A. Schultz. He requests an increase to the sum of $10,853.30, representing 5% of the estate assets of $217,066.
In an olographic will dated May 12, 1972, Mrs. Schultz who, at the time of her death was separated from her husband as well as separate in property, named her husband executor, and Mr. Holahan as attorney. All of the assets are her separate property. They include immovable property, mineral rights, and a trailer park owned by her and managed by her husband. Special bequests were made to him, and the residuary legatees are three sisters and two nephews.
Mrs. Schultz died on August 17, 1973. Plaintiff filed a petition opening the succession one week later; the will was probated, and Mr. Schultz was appointed executor. No further action was taken in the succession proceedings until February 8, 1977 when plaintiff filed the herein petition for his fee.
The record reflects that a disagreement arose between plaintiff and Schultz over the interpretation of the will and assets includable in the succession, and plaintiff suggested that Schultz retain a personal attorney because of an apparent conflict of interest between Schultz in his personal capacity and in his duties as executor.
In 1975 Schultz’s personal attorney, after reviewing the succession record, wrote plaintiff for further information as to whether state and federal estate tax returns had been filed, and other actions, if any, taken in connection with the succession. Plaintiff had received one extension of time to file a federal estate tax return, and that return was filed thereafter (it is not clear when). The return listed administration expenses which included $5,426.55 as executor’s fee and $10,853.30 as anticipated attorneys’ fees.
Testimony further reflects that plaintiff had had three or four meetings with Schultz and other heirs and/or their attorneys to attempt to compromise conflicts in the will (and also apparently his fee), but no agreement was reached. It appears, however, that the heirs do not object to a 5% attorney’s fee, but expect that fee to cover the fees of any and all attorneys connected with, and the completion of, the succession proceedings.
In this court plaintiff contends he is entitled to the full fee since he is named attorney in the will. He relies on the jurisprudence as expressed in the cases of Succession of Falgout, La., 279 So.2d 679; Succession of Rembert, 199 La. 743, 7 So.2d 40, and Succession of Zatarain, La.App., 138 So.2d 163.
We do not disagree with these cases, or the jurisprudence as expressed therein. However, in order for the succession attorney to earn his full fee, unless he is prevented from doing so through no fault of his own, the law contemplates he will *1243 take all necessary and appropriate steps to bring the succession to its ultimate conclusion. Here plaintiff has not completed his work and the record does not reveal he was prevented from doing so.
This succession involves a business currently being operated and presents some complex questions which may or may not be subject to compromise. It is not one which can be completed with the filing of elementary pleadings. If the executor has not filed an accounting as alleged by plaintiff, then as attorney for the succession he could and should have petitioned the court to order the executor to do so. Much still remains to be completed. For a period of four years after the testatrix’s death and the opening of her succession, plaintiff has taken no further steps to bring the succession to its ultimate conclusion other than those outlined above.
We cannot say the trial court abused its discretion in awarding plaintiff the sum of $5,400.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.