424 So.2d 414 (1982)
SUCCESSION OF Donald Everett BOYENGA.
No. 15102-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
Rehearing Denied January 14, 1983.
*415 Richie & Richie by C. Vernon Richie, Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan, Love & McDaniel by Samuel P. Love, Jr., Shreveport, for defendant-appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
*416 NORRIS, Judge.
In this succession proceeding, the executrix appeals that portion of the trial court's judgment awarding an attorney's fee of 2½% of the gross assets of this estate to the attorney designated by the testator.
On December 1, 1978, Donald Everett Boyenga executed a last will and testament in statutory form. This will was prepared by and executed before Samuel P. Love, an attorney at law and notary public in and for Caddo Parish, Louisiana. In this will, Dr. Boyenga's wife, Dorothy Inge Boyenga, was named as testamentary executrix, and Mr. Love was named as attorney to represent the estate.
At some point in time prior to January 5, 1982, Dr. Boyenga decided to effect certain changes in this will, allegedly including the elimination of Mr. Love as the attorney for his succession. Dr. Boyenga and his wife scheduled an appointment with John A. Richie, an attorney in Shreveport, for January 5, 1982; and accompanied by a neighbor, they arrived at the offices of Richie & Richie. In the waiting room, Dr. Boyenga stated to an employee of the law firm in the presence of his wife and the neighbor that his purpose in seeing Mr. Richie was to change the attorney designation in his will. Dr. and Mrs. Boyenga then met with Mr. Richie and gave him the necessary information to effect the changes which they desired, and Dr. Boyenga again stated that he wished to change the designated attorney. During this conference, it was agreed that Mr. Richie would prepare the appropriate wills as well as the necessary documents for the adoption of Dr. Boyenga's stepson. The wills were to be completed and executed within the next few days.
Dr. and Mrs. Boyenga left the office of Mr. Richie at approximately 1:30 p.m. after which they went home. Dr. Boyenga abruptly and unexpectedly died of a heart attack approximately two hours after leaving Mr. Richie's office.
Thereafter, by letter dated January 19, 1982, from Mr. Richie, Mr. Love was asked to renounce any right that he might have to serve as the attorney for Dr. Boyenga's succession. Mr. Love refused. As a result of this refusal, Mrs. Boyenga filed a petition for the probate of Dr. Boyenga's December 1, 1978 will, to be confirmed as testamentary executrix, and for the removal of Mr. Love as the attorney designated to represent the estate. Mr. Love then answered the rule and filed a reconventional demand seeking a fee of 2½% of the gross estate as compensation for services which he would otherwise have rendered to the estate in the event he was removed as the attorney for the estate.
Prior to the hearing on the rule, by agreement of the parties, the will was probated and Mrs. Boyenga was confirmed as testamentary executrix. Evidence was then presented on the rule solely relating to the issues of the removal of Mr. Love as the estate's attorney and his demand for compensation. After hearing all of the evidence, the trial court took the matter under advisement, and in written reasons for judgment, removed Mr. Love as attorney for the succession on the basis that the executrix was not bound to accept his services and awarded him a fee of 2½% of the gross assets of the succession. A judgment was signed in accordance with this ruling from which only Mrs. Boyenga appeals assigning the following errors:
1) The Trial Court erred in refusing to admit as evidence the testimony of certain witnesses regarding Dr. Boyenga's change of intent as to the designation of Mr. Love as the attorney for the succession;
2) The Trial Court erred in awarding Samuel P. Love, Jr., an unearned "attorney's fee;" and
3) Assuming for the sake of argument that Samuel P. Love, Jr., was entitled to a fee, the Court erred in awarding a fee of two and one-half percent (2½%) of the gross estate.

ASSIGNMENT OF ERROR NO. 1
At trial of this matter, Mrs. Boyenga sought to offer into evidence her testimony and the testimony of Mrs. Ruby Koy *417 (the Boyengas' neighbor), Elaine Robe (the receptionist for Richie & Richie), and John A. Richie that Dr. Boyenga had indicated to them orally an intent to remove Mr. Love as the attorney for his estate. When this testimony was offered, Mr. Love objected, the objection was sustained, and the testimony was made a part of the record as an offer of proof. Mrs. Boyenga's counsel ably argues that the sustaining of the objection that this testimony was hearsay was erroneous because it falls within one of the exceptions to the hearsay rule; that is, for the purpose of proving the state of mind of Dr. Boyenga as well as his intent, motive and design. Conceding arguendo that the evidence sought to be admitted was admissible to prove the state of mind of Dr. Boyenga, we conclude that the failure of the trial court to consider this evidence is of no moment and was not erroneous in the sense that it alone would compel a different result in the decision of this case because we conclude that under the existing law and jurisprudence of this state that a testator may not orally revoke a prior designation of an attorney for his estate in a will.
Mere intent to revoke a will does not per se effect revocation because such intent must be implemented either by a method of revocation authorized by law or by intentional destruction of the instrument. Otherwise, the testator's intent to adhere to the will is presumed. In Re Succession of Jones, 356 So.2d 80 (La.App. 1st Cir.1978). Clearly, this reasoning is applicable to testamentary dispositions. La.C.C. Art. 1692.[1]
We conclude that the revocation of the designation of an attorney in a last will and testament is subject to the same formalities as those required for the revocation of a testamentary disposition. See La.C.C. Art. 1691.[2]
This conclusion is clearly supported by the jurisprudential rule that a testator has the authority to appoint an attorney for the probate of his estate which is valid and binding on his heirs and successors. Rivet v. Battistella, 167 La. 766, 120 So. 289 (1929). In Rivet, the sole question presented for determination by the court was whether or not such a designation in a will is valid and binding on those who take under the will. In considering this issue, the court answered affirmatively and characterized the designation of the attorney as a condition imposed on the donations mortis causa.
In other words, the same law which confers upon a man the right to dispose of his property by last will and testament also confers upon him the right to designate an attorney to perform the legal services required by his succession and that designation becomes a condition of the legacies and of the executor's appointment. Succession of Falgout, 279 So.2d 679 (La.1973). It therefore follows that the same law which confers the right to designate the attorney in the will must be adhered to in order to revoke that designation.
Because the designation of the attorney is a condition upon a testamentary disposition, it must be revoked in one of the forms prescribed for the revocation of testaments and must be clothed in the same formalities. Even though Dr. Boyenga may have intended to change the attorney designated *418 in his earlier will and may have in fact taken affirmative steps to accomplish this change, because the change was not completed and accomplished in one of the forms prescribed for the revocation of a last will and testament, it was of no effect. Thus, at the time of the death of Dr. Boyenga, Mr. Love had an interest in the estate to the extent that he was privileged and obligated to handle the legal affairs of the estate and to be paid therefor.

ASSIGNMENT OF ERROR NO. 2
It is clear that under our existing jurisprudence, a testator has the right to designate in his last will and testament an attorney to represent his succession, which designation is valid and binding upon his executor, legatees and heirs. Rivet v. Battistella, supra. The right of the attorney named in the will to represent the succession and to be paid therefor must be recognized. Succession of Martin, 56 So.2d 176 (La.App.Orl.1952). The executor is powerless to deprive the attorney of his right to act as legal advisor to the succession without just cause. Succession of Falgout, supra; Succession of Rembert, 199 La. 743, 7 So.2d 40 (1942).
Once the testator exercises this right, neither the executor, heirs, legatees nor the courts can question the necessity or propriety of the designation, and the executor must abide by the lawful condition imposed by the decedent in his testament, unless facts exist which furnish adequate cause recognized by law for refusing to do so. Succession of Falgout, supra; Succession of Rembert, supra.
As stated in Succession of Zatarain, 138 So.2d 163 (La.App. 1st Cir.1962):
... we believe the views herein originally expressed clearly indicate our recognition and affirmation of the firmly settled principle that an attorney named by a testator to represent the testator's executor or heirs enjoys an "irrevocable status" in that as an agent of the testator so designated in the testator's will he may not be discharged from the mandate thusly conferred. We further believe that our initial remarks made it abundantly clear that such an appointment involved the duty, privilege and obligation to represent the executor and heirs of the testator until the testator's estate is settled and the correlative right to compensation for such professional services.

We wish to make it clearly understood that the agency thusly established is irrevocable in the sense that it may not be cancelled or terminated by the executor or heirs of the testator without the consent of the attorney. [Emphasis added.]
While the cases indicate that the courts have had some difficulty in classifying the exact nature of the designation of an attorney in a will,[3] it is settled that an attorney so named by a testator enjoys an irrevocable status in that he may not be discharged without his consent except for cause. It is further abundantly clear under the existing jurisprudence that such an appointment not only confers the privilege of representing the succession but also imposes the duty and obligation to represent the succession and/or executor, heirs and legatees and to complete the probate. Accompanying this duty and obligation is the correlative right to compensation for such professional services.
In the instant case the attorney designated in the will was removed by the lower court. Our review of the record indicates that on the date of the hearing Mr. Love was willing to fulfill his duties as attorney for the estate, and the evidence presented below is lacking for adequate legal cause to remove him. As in Succession *419 of Falgout, supra, the court below was faced only with the issue of the "bare right" of the executor to discharge the attorney designate. Thus, the rule to remove Mr. Love should have been determined to lack merit and his right to represent Dr. Boyenga's estate should have been recognized and enforced. However, Mr. Love has not appealed from the decision of the trial court removing him as attorney for the succession nor has he answered the appeal, albeit that removal was without cause. Thus, we are now precluded from reviewing the propriety of his removal since that portion of the judgment is now final. In short, Mr. Love has now been removed as attorney for the succession, and that removal is now "legal" because the removal is by a final judgment.
Thus, because of the posture of the case presented to us on appeal, the sole question for our determination is the propriety of the award of the fee to the attorney designate after his now final removal by the court. In essence, the attorney designate was awarded 2½% of the gross assets of the estate as the fee which he would have earned had he not been removed as attorney for the succession. He does not contend nor does the record support a finding that he had earned any fee at the time of the hearing on the rule.
Mrs. Boyenga argues that the trial court erred in awarding the attorney designate the fee which he would have earned had he represented the succession contending that such award constitutes an "unearned fee" prohibited by the Code of Professional Responsibility. The crux of her argument is that Rivet v. Battistella, supra, has been effectively overruled by the Code of Professional Responsibility enacted subsequent to that decision, which has been determined to be a part of the substantive law of this state. Leenerts Farms, Inc., v. Rogers, et al., 421 So.2d 216 (La.1982); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979).
In Rivet, the testator died leaving a valid will which designated the plaintiff as attorney to settle his estate. The plaintiff tendered his services to the widow, heirs, legatees and executor under the will. They declined his services, employed other attorneys, and settled the estate without calling upon the plaintiff to render any services in connection therewith. Thereafter, plaintiff brought a suit to recover from them the amount of the fee to which he would have been entitled had the provisions of the will been carried out. The court there awarded him a fee of approximately 2½% of the assets of the succession which was clearly in the nature of an award of damages for the failure to allow him to represent and complete the succession. It is noteworthy that in Rivet, when the court awarded the fee to the designated attorney that all of the work had been completed in the succession by another attorney, and that the designated attorney had not been given an opportunity to undertake and complete the work.
However, in the instant case, it is unnecessary for us to decide the issue of whether an attorney designated in a will as attorney for the succession, who has not been judicially removed by a final judgment and who through no fault of his own has been prevented from representing the succession, may or may not recover a fee or damages where he has, in fact, performed no services for the succession. Here, we must conclude that because Mr. Love has been judicially removed as attorney for the succession by a court of competent jurisdiction by a judgment made final, because of his failure to appeal therefrom or answer Mrs. Boyenga's appeal, and because he has admittedly performed no services for the succession, he is not entitled to recover a fee or damages based on the fee which he might have earned had he not been removed by the court. Under the facts and circumstances of this case, such an award would constitute an unearned fee clearly prohibited by the law of this state. La. C.P.R.D.R. 2-106[4] and Saucier v. Hayes Dairy Products, Inc., supra.
*420 Accordingly, that portion of the trial court's judgment in favor of Samuel P. Love, Jr., awarding him an attorney's fee of 2½% of the gross assets of this succession is reversed. In all other respects it is affirmed at the cost of appellee.
JUDGMENT AFFIRMED in part and REVERSED in part.
NOTES
[1] La.C.C. Art. 1692 provides:

The act by which a testamentary disposition is revoked, must be made in one of the forms prescribed for testaments, and clothed with the same formalities.
[2] La.C.C. Art. 1691 provides:

The revocation of testaments by the act of the testator is express or tacit, general or particular.
It is express when the testator has formally declared in writing that he revokes his testament, or that he revokes such a legacy or a particular disposition.
It is tacit when it results from some other disposition of the testator, or from some act which supposes a change of will.
It is general when all the dispositions of a testament are revoked.
It is particular when it falls on some of the dispositions only, without touching the rest.
However, in all cases, a legacy or disposition shall be deemed revoked in the event that the legatee has unlawfully taken the life of the testator, and said legacy or disposition shall be deemed not written.
[3] Succession of Zatarain, supra, held that the designated attorney was granted a mandate terminable only with his consent which commenced rather than ended with the death of the testator. Succession of Feitel, supra, rejected the notion that the attorney's interest is in the nature of a donation or a legacy as did Succession of Zatarain, supra. Succession of Pope, 230 La. 1049, 89 So.2d 894, 897 (1956), concluded that the designated attorney had a real interest but did not explain its nature. Roberts v. Cristina, 323 So.2d 888 (La.App. 4th Cir.1975), handled this interest as a bequest under the particular facts of that case.
[4] Disciplinary Rule 2-106 of the Code of Professional Responsibility provides in part:

(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.
Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent. [Emphasis added.]