437 So.2d 260 (1983)
SUCCESSION OF Donald Everett BOYENGA.
No. 83-C-0355.
Supreme Court of Louisiana.
September 2, 1983.
*261 William G. Nader, Samuel P. Love, Jr., Love, Rigby, Dehan, Love & McDaniel, Shreveport, for applicant.
C. Vernon Richie, Richie & Richie, Shreveport, for respondents.
MARCUS, Justice.
On December 1, 1978, Dr. Donald Everett Boyenga executed his last will and testament in statutory form. The will was prepared by and executed before Samuel P. Love, Jr., an attorney and notary public. In the will, Dr. Boyenga named his wife, Dorothy Boyenga, as the executrix and designated Mr. Love as the attorney to represent his estate. Mr. Love was paid a fee of $100 for services performed.
On January 5, 1982, Dr. Boyenga, accompanied by his wife and Mrs. Ruby D. Koy, a neighbor, met with Mr. John A. Richie, an attorney, at Mr. Richie's office for the purpose of preparing a new will and to adopt his wife's son by a prior marriage. Both Mrs. Boyenga and Mrs. Koy testified that Dr. Boyenga wanted to remove Mr. Love as the attorney designated in his will. Elaine Robe, a secretary for Mr. Richie, testified that Dr. Boyenga told her that he was changing attorneys because he was dissatisfied with his old one (Mr. Love). The meeting with Mr. Richie lasted from 11:00 a.m. to 1:30 p.m., during which time Dr. Boyenga expressed his desire to have Mr. Richie serve as the attorney to represent his estate. However, due to the paper work involved in connection with the adoption, the will was not executed at that time. Dr. Boyenga was supposed to return to Mr. Richie's office in a couple of days to execute the new will. However, at 3:00 p.m. (some ninety minutes later), Dr. Boyenga died of a heart attack at his home. On January 19, 1982, Mr. Richie, on behalf of Mrs. Boyenga, wrote a letter to Mr. Love asking him to renounce any right that he may have to serve as the attorney for Dr. Boyenga's succession. Mr. Love refused.
Thereafter, Mrs. Boyenga petitioned the trial court for the probate and execution of the December 1, 1978 testament and to be confirmed as the testamentary executrix. Pursuant to a request included in the petition, the court ordered Mr. Love to appear and show cause why he should not be removed as the attorney for the succession. Mr. Love filed an answer and asserted by way of reconvention that Mrs. Boyenga was *262 not entitled to the relief sought but in the event that he was removed as the attorney for the succession, he would be entitled to compensation in the amount of 2½% of the gross assets of the estate. A rule was accordingly issued requiring Mrs. Boyenga to show cause why Mr. Love should not be awarded a sum equal to 2½% of the gross value of the succession as compensation. Both rules were set and heard on the same day.[1] Subsequently, the trial judge rendered "judgment on rules to show cause" in which he ruled in favor of Mrs. Boyenga and against Mr. Love on her rule removing Mr. Love as the attorney for the succession and in favor of Mr. Love on his rule awarding him an attorney's fee of 2½% of the gross assets of the succession. Mrs. Boyenga appealed. Mr. Love did not appeal nor answer the appeal. The court of appeal reversed that portion of the trial court's judgment awarding Mr. Love an attorney's fee.[2] On application of Mr. Love, we granted certiorari to review the correctness of that decision.[3]
At the outset, we note that the portion of the judgment of the trial court rendered in favor of Mrs. Boyenga removing Mr. Love as the attorney for the succession is not before this court. The court of appeal reached a similar conclusion, that is, it was not before their court. The record reveals that Mr. Love was willing to serve as the attorney for the succession. However, Mrs. Boyenga filed a rule to remove him as the designated attorney. The trial court rendered judgment in favor of Mrs. Boyenga and against Mr. Love on this rule. Mr. Love did not appeal. Mrs. Boyenga appealed from the adverse judgment on Mr. Love's rule awarding him an attorney's fee. Mr. Love did not answer this appeal. Therefore, we are precluded from reviewing the portion of the trial court's judgment removing Mr. Love as attorney because that portion of the judgment is final and definitive.
As a result, we cannot consider the question which was first presented to this court in Rivet v. Battistella, 167 La. 766, 120 So. 289 (1929): whether a designation of an attorney in a will is valid and binding on those who take under the will. In Rivet, the testator named an executor and an attorney (Mr. Rivet) in his will to settle his estate. Upon the testator's death, Mr. Rivet tendered his services to the executor, widow and heirs. These services were refused and the executor employed other attorneys who settled the estate without calling on Mr. Rivet to render any services in connection therewith. Thereafter, Mr. Rivet sued the widow and heirs to recover from them the amount of fees that he would have earned had he been employed. This court held in favor of Mr. Rivet and awarded him a fee of 2½% of the assets shown on the inventory. In reaching this result, the Rivet court answered the above question in the affirmative: a designation of an attorney in a will is valid and binding on those who take under the will. Subsequent decisions by this court have followed this holding.[4] However, in the instant case, because Mr. Love has been removed as the attorney by a final and definitive judgment, we cannot consider the question as presented in Rivet and its progeny.[5]
Thus, the narrow issue presented for our determination is whether a designated attorney in a will is entitled to a fee which he has not earned.
The record does not support, nor does Mr. Love contend, that he earned a fee from the time of the preparation of the will *263 (for which he was paid $100) to the time of the hearing. In fact, Mr. Love did not render any services in connection with the will and/or succession during that time. Yet, the trial court awarded Mr. Love an attorney's fee of 2½% of the gross assets of the succession. The court of appeal held that such an award constituted an unearned fee clearly prohibited by the law of this state. We agree.
This court has a duty to assert the authority conferred on it by our state constitution to regulate the practice of law. This court's prevailing judicial authority resulted in the adoption and promulgation of the Articles of Incorporation of the Louisiana State Bar Association, which Articles came to incorporate the Code of Professional Responsibility. The Code of Professional Responsibility which regulates attorneys' practices has been recognized as having the force and effect of substantive law. Leenerts Farm, Inc. v. Rogers, 421 So.2d 216 (La.1982); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979).
The Code of Professional Responsibility, DR 2-106, Fees for Legal Services, provides in pertinent part:
(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
In addition, DR 2-110(A)(3) provides:
A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.
We view the Code of Professional Responsibility as being the most exacting of laws established for the public good. Leenerts Farm, Inc. v. Rogers, supra. Hence, a designated attorney in a will is not entitled to an unearned fee. Clearly, Mr. Love did not earn any fee. Accordingly, we affirm the judgment of the court of appeal.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
CALOGERO, J., concurs.
DIXON, C.J., dissents with reasons.
DIXON, Chief Justice (dissenting).
Mr. Love was entitled under existing law to serve as attorney for the succession. He was prevented from performing by the actions of the executrix. He should not be denied a fee unless he was not entitled to the bequest. That question is, therefore, before us.
NOTES
[1] Prior to the hearing, by agreement of the parties, the will was probated and Mrs. Boyenga was confirmed as testamentary executrix.
[2] 424 So.2d 414 (La.App.2d Cir.1982).
[3] 430 So.2d 81 (La.1983).
[4] Succession of Feitel, 187 La. 596, 175 So.72 (1937); Succession of Rembert, 199 La. 743, 7 So.2d 40 (1942); Succession of Bush, 223 La. 1008, 67 So.2d 573 (1953); Succession of Pope, 230 La. 1049, 89 So.2d 894 (1956); Succession of Falgout, 279 So.2d 679 (La.1973).
[5] For a comprehensive discussion of the issue, see Comment, Testamentary Designation of Probate Counsel, 51 Tul.L.Rev. 334 (1977).